UNITED STATES to Use of PAR–LOCK APPLIERS OF NEW JERSEY, Inc., v. J. A. J. CONST. CO., Inc., et al.
No. 2490.

District Court, E. D. Pennsylvania.
March 12, 1943.

M. L. Casman, of Philadelphia, Pa., for use-plaintiff.

Edward H. Cushman, of Philadelphia, Pa., and Max E. Greenberg, of New York City, for J. A. J. Const. Co., Inc., and another.

Welsh, Watson, Smith & Welsh, of Philadelphia, Pa. (John M. Smith, Jr., of Philadelphia, Pa., of counsel), for John W. Lewis.

KALODNER, District Judge.

Upon consideration of the bill of complaint and the answers thereto, and after hearing the testimony of witnesses and argument of counsel, I make the following

Findings of Fact.

1. On April 3, 1939, J. A. J. Construction Co., Inc. (hereinafter called the contractor) entered into an agreement with the United States of America for the erection and construction at Philadelphia, Pennsylvania, of the public improvement designated as "Philadelphia Defense Housing Project Pa-36011."

2. Pursuant to the requirements of the Act of Congress of August 24, 1935, chapter 642, 49 Stat. 793, 40 U.S.C.A. § 270a, the contractor as principal, and the American Surety Company of New York as surety,

made, executed and delivered to the United States in connection with the contract referred to above, their certain performance bond, and in addition thereto a payment bond on United States standard form No. 25-A approved September 16, 1935, in the penal sum of $738,000.00, conditioned for the payment of labor and material bills incurred in the prosecution of said public work.

3. On April 21, 1941, the contractor entered into agreements in writing with John W. Lewis, of Philadelphia, Pennsylvania, for the performance of the plumbing, heating and other work required in and about the construction of the public improvement referred to in Finding (1).

4. On April 21, 1941, at Philadelphia, Pa., Par-Lock Appliers of New Jersey, Inc. (hereinafter called Par-Lock) entered into an agreement with the said Lewis to furnish and install galvanized ducts and other labor and material at said housing project for the price or sum of $39,000.00. It is undisputed that later the agreement was amended to include extras of $1,629.89, making the total $40,629.89.

5. On May 12, 1941, Lewis authorized the contractor to set aside and guarantee payment to Par-Lock the sum of $39,000.00 by the following letter:

"May 12, 1941
"J.A.J. Construction Co., Inc.
"270 41st Street
"Brooklyn, N. Y.
"Gentlemen:

"We hereby authorize you to set aside and guarantee payment to Parlock Appliers of New Jersey, Inc., 21 Muirheid Ave., Trenton, N. J., for the sum of Thirty Nine Thousand Dollars .......... ($39,000.00).
                "Very truly yours,
                    "John W. Lewis."

6. The said authorization was given with the knowledge and consent of the use-plaintiff Par-Lock.

7. The aforesaid authorization was requested by the contractor from Lewis, and was accepted by the contractor, which obligated itself to make payment to Par-Lock of the sum set forth in the authorization. It is undisputed that subsequently the authorization was extended to include the extras of $1,629.89.

8. Par-Lock furnished to said housing project under its aforesaid agreement with Lewis, and as extras required under Lewis'

agreements with the contractor, labor and material aggregating $40,629.89.

9. The contractor, acting in conformity with the authorization, made payments direct to Par-Lock as follows:

| On or about | Amount |
| --- | --- |
| July 25, 1941 | $ 9,652.00 |
| August 29, 1941 | 18,455.40 |
| October 1, 1941 | 6,616.60 |
| Total | $34,724.00 |

10. On or about the middle of the month of June, 1941, Par-Lock encountered payroll difficulties, and thereafter Lewis advanced to Par-Lock the following sums:

| Date | Amount |
| --- | --- |
| June 27, 1941 | $1,117.28 |
| July 11, 1941 | 1,600.00 |
| July 18, 1941 | 2,128.55 |
| July 29, 1941 | 2,000.00 |
| August 15, 1941 | 750.00 |
| Total | $7,595.83 |

11. The sums advanced by Lewis to Par-Lock were loans by Lewis to Par-Lock, for which Par-Lock gave Lewis notes, which notes were paid to Lewis by Par-Lock in full, including interest.

12. The funds from which Lewis made the loans to Par-Lock were obtained by Lewis from the contractor, in the manner described in Finding (13).

13. The contractor made arrangements with the South Philadelphia National Bank whereby Lewis was permitted to borrow from said Bank sums not exceeding a total of $20,000.00 a month, for which Lewis gave his personal notes and paid interest thereon.

14. The sums loaned by Lewis to Par-Lock, and described in Finding (10), were obtained by Lewis from the South Philadelphia National Bank, except in the case of the sum of $1,600.00, which was by error transmitted by the contractor to the Central-Penn National Bank.

15. Par-Lock knew the source of the monies received by them, and described in Finding (13).

16. The contractor knew of the loan transactions between Lewis and Par-Lock and treated them as independent transactions solely between Lewis and Par-Lock in which the contractor had no interest.

17. The contractor knew that Par-Lock was obligated to repay, and did repay, the

loans made by Lewis to Par-Lock and made no objection thereto.

### Discussion.

Par-Lock is suing the contractor and its surety, as well as Lewis, for $5,905.89, representing the difference between $34,-724.00, which it received from the contractor, and the amended $40,629.89 contract obligation.

The contractor defends on the ground that it has discharged its obligation to Par-Lock by the payment to it of the $34,724.00, and the $7,595.83 which Lewis had advanced to Par-Lock in the financing of its payroll requirements.

The contractor contends that inasmuch as Par-Lock knew the source of the $7,-595.83, Par-Lock was obligated to apply the money it received on account of the obligation of the contractor, citing Farnsworth & Co. v. Electrical Supply Co., 5 Cir., 112 F.2d 150, 130 A.L.R. 192, and United States for Use and Benefit of Crane Co. v. Johnson, Smathers & Rollins, 4 Cir., 67 F.2d 121.

The principle involved in these decisions is that the recipient owes an equity to the surety, to apply the payment on the surety's obligation when the recipient knows the funds are being derived from the surety on the particular obligation. The defendant contractor argues that the recipient in such case by his knowledge of the source of the money is estopped from applying the monies so received against any other obligation.

Ordinarily, the recipient, if he is not directed otherwise, may credit the payment on any obligation he sees fit. Delaware Dredging Co. v. Tucker Stevedoring Co., 3 Cir., 25 F.2d 44. In the latter case it was held by the United States Circuit Court of Appeals for this Circuit that the recipient's privilege of application was not affected by the fact that the surety was the source of the money. Farnsworth & Co. v. Electrical Supply Co., supra, distinguishes Ferguson v. Forstmann on the ground that the question of the recipient's knowledge of the source was not considered by the court.

It seems doubtful, under the facts of the case at bar, that the principle of the Farnsworth & Co. v. Electrical Supply Co. case would apply, because Lewis obtained the funds as a loan from the bank, which was made available for him by the contractor.

As far as Par-Lock is concerned, Lewis could have borrowed from the bank up to $20,000.00 per month as he, Lewis saw fit, without regard to Par-Lock's presence in the matter. In other words, it was not really an advance by the contractor to Lewis for the purpose of paying Par-Lock, but an out-and-out loan by Lewis from the bank, for which Lewis issued his note and paid interest.

But more important than this is the fact that the independent transactions between Lewis and Par-Lock with regard to the $7,595.83 were out-and-out loans for which Par-Lock gave its notes and paid interest. Not only were they out-and-out loans, but I have found—and the evidence amply warrants the finding—that the contractor knew that these transactions relating to the $7,595.83 were being made as loans and repaid as such by Par-Lock to Lewis, and offered no objection thereto, and about the same time and even subsequently paid Par-Lock direct $18,455.40 on July 25, 1941; $9,652.00 on August 29, 1941, and $6,616.00 on October 1, 1941.

If the principles of equity or estoppel operated in favor of the contractor, they correspondingly so operated in favor of the recipient. The contractor likewise owes a duty, when it knows that the recipient and the party making advances regard them as private transactions and act in accordance therewith, to protest and to put the recipient on notice of its, the contractor's, position, and not permit the repayment of the advances or the consummation of the private transactions. I have, moreover, found that not only did the contractor have knowledge of, but actually regarded them as, independent transactions between Par-Lock and Lewis. This is borne out not only by the witness for the contractor but by the very fact that payments were made by the contractor direct to Par-Lock after it had received knowledge by letter and otherwise of the loans made by Lewis to Par-Lock.

I am of the opinion, therefore, that the contractor is estopped from asserting that the loans by Lewis of the $7,595.83 must be applied as "payments" on account of its, the contractor's, obligation. There is other evidence to support my conclusion in the voluminous record of this case, which it is unnecessary to discuss.

The defendant Lewis maintains that he is not liable because there has been

a novation whereby the contractor assumed the obligation thus relieving him. Novation is a question of intention, and I conclude that under the facts in the case there was no intention to relieve Lewis.

The question is also raised as to the propriety of the joinder of Lewis in these proceedings. Lewis defended on the merits, and only subsequently raised the question as to his joinder. There can be no doubt that under Rule 20 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, Lewis can be properly joined as a party defendant. The defendant contractor's objection that Lewis cannot be joined as a party defendant is without merit. Additionally, I cannot see how it is affected adversely by such joinder.

I therefore state the following

### Conclusions of Law.

1. There has been no novation relieving the defendant John W. Lewis.

2. All the defendants are liable to the use-plaintiff in the sum of $5,905.89, with interest from December 1, 1941.

3. On the facts and the law, the judgment of the court, must be in favor of the plaintiff and against all the defendants herein.

An order for judgment may be submitted in accordance with this opinion.