UNITED STATES, to Use of PAR–LOCK APPLIERS OF NEW JERSEY, Inc., v. J. A. J. CONST. CO., Inc., et al.

SAME v. LEWIS.

Nos. 8335, 8394.

Circuit Court of Appeals, Third Circuit.

Argued July 9, 1943.

Decided Aug. 13, 1943.

Edward H. Cushman, of Philadelphia, Pa., for appellants the Companies.

John M. Smith, Jr., of Philadelphia, Pa., for appellant Lewis.

Meyer L. Casman, of Philadelphia, Pa., for appellee.

Before BIGGS, JONES, and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

These civil actions were argued before us together and they may be disposed of in a single opinion. The first action was brought by a materialman as use-plaintiff against a general contractor and its surety upon a payment bond given by the general contractor under the Miller Act, 49 Stat. 793, 40 U.S.C.A. § 270a. The second action was brought by a materialman, the use-plaintiff, in contract, against the subcontractor. In the United States District Court, Judge Kalodner sitting, without a jury, found in favor of plaintiff and entered judgment against the defendants. The defendants have duly appealed to this Court.

Judge Kalodner made the following seventeen findings of fact:

"1. On April 3, 1939, J. A. J. Construction Co., Inc. (hereinafter called the contractor) entered into an agreement with the United States of America for the erection and construction at Philadelphia, Pennsylvania, of the public improvement designated as 'Philadelphia Defense Housing Project Pa-36011.'

"2. Pursuant to the requirements of the Act of Congress of August 24, 1935, chapter 642, 49 Stat. 793, 40 U.S.C.A. Sec. 270a, the contractor as principal, and the American Surety Company of New York as surety, made, executed and delivered to the United States in connection with the contract referred to above, their certain performance bond, and in addition thereto a payment bond on United States standard form No. 25-A approved September 16, 1935, in the penal sum of $738,000.00, conditioned for the payment of labor and material bills incurred in the prosecution of said public work.

"3. On April 21, 1941, the contractor entered into agreements in writing with John W. Lewis, of Philadelphia, Pennsylvania, for the performance of the plumbing, heating and other work required in and about the construction of the public improvement referred to in Finding (1).

"4. On April 21, 1941, at Philadelphia, Pa., Par-Lock Appliers of New Jersey, Inc. (hereinafter called Par-Lock) entered into an agreement with the said Lewis to furnish and install galvanized ducts and other labor and material at said housing project for the price or sum of $39,000.00. It is undisputed that later the agreement was amended to include extras of $1,629.89, making the total $40,629.89.

"5. On May 12, 1941, Lewis authorized the contractor to set aside and guarantee payment to Par-Lock the sum of $39,000.00 by the following letter:

" 'May 12, 1941
" 'J. A. J. Construction Co., Inc.
" '270 41st Street
" 'Brooklyn, N. Y.
" 'Gentlemen:
" 'We hereby authorize you to set aside and guarantee payment to Parlock Appliers of New Jersey, Inc., 21 Muirhead Ave., Trenton, N. J., for the sum of Thirty Nine Thousand Dollars......($39,000.00).
" 'Very truly yours,
" 'John W. Lewis.'

"6. The said authorization was given with the knowledge and consent of the use-plaintiff Par-Lock.

"7. The aforesaid authorization was requested by the contractor from Lewis, and was accepted by the contractor, which obligated itself to make payment to Par-Lock of the sum set forth in the authorization. It is undisputed that subsequently the authorization was extended to include the extras of $1,629.89.

"8. Par-Lock furnished to said housing project under its aforesaid agreement with Lewis, and as extras required under Lewis' agreements with the contractor, labor and material aggregating $40,629.89.

"9. The contractor, acting in conformity with the authorization, made payments direct to Par-Lock as follows:

| On or about | Amount |
| --- | --- |
| July 25, 1941 | $ 9,652.00 |
| August 29, 1941 | 18,455.40 |
| October 1, 1941 | 6,616.60 |
| Total | $34,724.00 |

"10. On or about the middle of the month of June, 1941, Par-Lock encountered

payroll difficulties, and thereafter Lewis advanced to Par-Lock the following sums:

| Date | Amount |
| --- | --- |
| June 27, 1941 | $1,117.28 |
| July 11, 1941 | 1,600.00 |
| July 18, 1941 | 2,128.55 |
| July 29, 1941 | 2,000.00 |
| August 15, 1941 | 750.00 |
| Total | $7,595.83 |

"11. The sums advanced by Lewis to Par-Lock were loans by Lewis to Par-Lock, for which Par-Lock gave Lewis notes, which notes were paid to Lewis by Par-Lock in full, including interest.

"12. The funds from which Lewis made the loans to Par-Lock were obtained by Lewis from the contractor, in the manner described in Finding (13).

"13. The contractor made arrangements with the South Philadelphia National Bank whereby Lewis was permitted to borrow from said Bank sums not exceeding a total of $20,000.00 a month, for which Lewis gave his personal notes and paid interest thereon.

"14. The sums loaned by Lewis to Par-Lock, and described in Finding (10), were obtained by Lewis from the South Philadelphia National Bank, except in the case of the sum of $1,600.00, which was by error transmitted by the contractor to the Central-Penn National Bank.

"15. Par-Lock knew the source of the monies received by them, and described in Finding (13).

"16. The contractor knew of the loan transactions between Lewis and Par-Lock and treated them as independent transactions solely between Lewis and Par-Lock in which the contractor had no interest.

"17. The contractor knew that Par-Lock was obligated to repay, and did repay, the loans made by Lewis to Par-Lock and made no objection thereto."

On the basis of these findings of fact, Judge Kalodner made three conclusions of law:

"1. There has been no novation relieving the defendant John W. Lewis.

"2. All the defendants are liable to the use-plaintiff in the sum of $5,905.89, with interest from December 1, 1941.

"3. On the facts and the law, the judgment of the court must be in favor of the plaintiff and against all the defendants herein."

We think there is ample evidence to support these findings of fact, that the findings of fact justify the conclusions of law, and that the judgment below should be affirmed.

Only two questions need be considered by us: (1) The contention of the general contractor that the transfers of funds from the subcontractor, Lewis, to the materialman, Par-Lock Appliers of New Jersey, Inc., (hereinafter called Par-Lock), were payments and not loans; (2) the contention of the subcontractor Lewis that, upon all the evidence, there was a novation between the general contractor, the subcontractor and the materialman, operating in law to relieve the subcontractor of liability upon its contract with the materialman. We, therefore, proceed to discuss these two contentions.

1. Payment or Loan?

The general contractor, J. A. J. Construction Co., Inc., urges that the funds transferred by the subcontractor, Lewis, (which had been received by Lewis from the general contractor) to Par-Lock constituted payments and not loans. As a related contention, the general contractor insists that "having knowledge of the source (general contractor), the recipient (Par-Lock) was under a *duty* to apply the fund to discharge pro tanto its claim for labor and material under the statutory bond, and therefore the recipient is barred from suing on the bond for the purpose of recovering the same debt a second time."

The trial judge found, with ample support in the record, that these transactions, in both fact and law, were loans, not payments. It is quite elementary that when money is received by a creditor from a debtor, there must be, in order that the transaction may amount to a payment, (1) an intention of the delivering debtor that the transfer shall serve to extinguish, in whole or in part, the existing debt, and (2) a like intention on the part of the receiving creditor. These elements are clearly lacking here. Upon a payment, if any formal instrument be executed by the creditor, it is a receipt. Here, however, the creditor executed promissory notes, bearing interest, and both interest and the face of the notes were paid by the creditor. The record contains not a scintilla of evidence that the parties used the external formalities of a loan to cloak the realities of payment. And, the evidence supports Judge Kalodner's holding that "the contractor

knew that these transactions ·* * * were being made as loans and being repaid as such by Par-Lock to Lewis, and offered no objection thereto and about the same time and even subsequently paid Par-Lock direct $18,550.40 on July 25, 1941; $9,-652.00 on August 29, 1941, and $6,616.00 on October 1, 1941." It is interesting, too, that the appellant subcontractor, Lewis, not only admits but insists that these transactions were loans, not payments.

We next come to the general contractor's contention that Par-Lock, knowing that the general contractor was the source of the money received by Par-Lock, owed a legal duty to apply this money so received in extinction of Par-Lock's claim, under the statutory bond, for labor and materials.

The general contractor, in support of its contention, cites the cases of United States v. Johnson, Smathers & Rollins, 4 Cir., 1933, 67 F.2d 121; United States v. Wood, 4 Cir., 1938, 99 F.2d 80; and R. P. Farnsworth & Co. v. Electrical Supply Co., 5 Cir., 1940, 112 F.2d 150, 130 A.L.R. 192. These cases are not in point. Judge Soper, in the Johnson case, spoke throughout of the application of admitted payments. Here we have no place for applying the doctrine of the proper application of payments as among several debts; for, in the instant case, there was no payment whatever, but there was a loan, which is admittedly a legal horse of an entirely different· hue. The same observation is true of the Farnsworth case, since Judge Sibley started that portion of his opinion (112 F.2d at page 153) dealing with this aspect of the case, with the words: "We think the *question of application of payments* was wrongly decided." (Italics ours.) Judge Northcott, in the Wood case, dealt solely with the question of equitable estoppel, which, he very properly held, should be applied, in a proper case, to civil actions under the Heard Act, 40 U.S.C.A. § 270. The factual basis for equitable estoppel in the Wood case was utterly lacking in the instant action.

## 2. Novation.

■ Finally, this brings us to the contention of the appellant-subcontractor Lewis that, upon all the evidence, there was a novation between the general contractor, the subcontractor (Lewis) and the materialman (Par-Lock), operating in law

to relieve the subcontractor of liability upon its contract with the materialman. Judge Kalodner quickly disposed of this contention by observing: "Novation is a question of intention, and I conclude that under the facts in the case there was no intention to relieve Lewis." We think he reached a correct conclusion.

■ We have no quarrel whatever with the statements in the brief of counsel for Lewis that ·(1) a novation involves, *inter alia*, an agreement of all parties to the new contract with the intention that the new contract shall entirely extinguish the old contract; (2) that the consent of all the parties to a novation may be established by actions and circumstances indicating such consent; (3) the burden of proof of the novation rests on him who asserts the existence of the novation, as releasing him from his obligation under the original contract.

■ The contention of Lewis breaks down because he has utterly failed to shoulder this burden. Practically, the claim of novation is based solely on the fact that Lewis paid no money to Par-Lock under the contract between them, and the circumstance that Par-Lock, without any demand for *payment* by Lewis, obtained these *loans* from Lewis, when under the contract Par-Lock was entitled to the payment from Lewis of sums of money exceeding the sums obtained under the loans.

The record abounds with evidence to show that Lewis, to the knowledge of all the parties, was in a shaky financial position. These parties were naturally all anxious to get on with the completion of the project. Any demand by Par-Lock upon Lewis for payments would have been a rather futile gesture. Par-Lock, needing money to meet its pressing pay-roll obligations, was glad to borrow from Lewis money (subsequently all repaid), which Lewis had to obtain, for this purpose, from the general contractor. Surely that is an exceedingly unsubstantial legal foundation upon which to erect so formal and so stately a juristic edifice as a novation. And counsel for Lewis cites not a single adjudicated case in support of his contention.

For the reasons above set out, the judgment of the District Court is affirmed.

Affirmed.