UNITED STATES of America, for the Use of R. F. HUDSON, Appellee,

v.

PEERLESS INSURANCE COMPANY, Appellant.

UNITED STATES of America, for the Use of R. M. BARTENSTEIN, John H. Bartenstein, and Michael H. Kelly, t/a R. M. Bartenstein & Associates, Appellee,

v.

PEERLESS INSURANCE COMPANY, Appellant.

Nos. 10810, 10811.

United States Court of Appeals Fourth Circuit.

Argued Jan. 13, 1967.

Decided March 6, 1967.

Before SOBELOFF and CRAVEN, Circuit Judges, and KAUFMAN, District Judge.

CRAVEN, Circuit Judge.

These are appeals by Peerless Insurance Company from default judgments[1] entered against Peerless in the district court. Complaints were filed in the name of the United States for the use and benefit of Bartenstein and Associates and R. F. Hudson against Giuliani Contracting Company, Inc. and Peerless to recover for work and labor performed by Bartenstein and Hudson in pursuance of Giuliani's government contract. Peerless was joined as a party-defendant in each case because it was surety on the payment bond furnished by Giuliani as required by the Miller Act.[2] Giuliani, in apt time, filed answers to the two complaints denying liability and asserting counterclaims. Peerless failed to file answers, and after the expiration of some several months, the district court entered default judgments against Peerless.

Although the district court signed the judgments from which appeal is now attempted, there is no indication in the record that there was ever issued an express direction to the clerk for the entry of such judgments, nor was there any determination that there was no just reason for delay of such entry. Under such circumstances, Rule 54(b) of the Federal Rules of Civil Procedure is specific:

> "In the absence of such determination and direction, any order or other form of decision, *however designated,* which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of *all* the parties." [Emphasis added.]

Marc E. Bettius, Washington, D. C. (Herrell, Campbell & Lawson, Arlington, Va., on brief), for appellant.

Charles O. Cake, Arlington, Va. (Garnett, Hunter & Dimond, Arlington, Va., on brief), for appellee.

---

1. The Bartenstein judgment is for the recovery of $2,250.77; the Hudson judgment is in the amount of $1,782.83.

2. 40 U.S.C.A. §§ 270a, 270b.

■ Except for a limited class of cases not here material,[3] the appellate jurisdiction of this court extends only to the review of "final decisions" of the district court. 28 U.S.C.A. § 1291, Western Contracting Corp. v. National Surety Corp., 163 F.2d 456 (4th Cir. 1947).

■ The role of the district court in making the certification required by Rule 54(b) has been described by the Supreme Court as that of "dispatcher." The district court is permitted to determine under Rule 54(b) the "appropriate *time when each 'final decision'* upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal. * * * A party adversely affected by a final decision thus knows that his time for appeal will *not* run against him until this certification has been made." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435–436, 76 S.Ct. 895, 100 L.Ed. 1297 (1956).

■ Since the judgments appealed from were not "final decisions" but were instead subject to revision by the terms of Rule 54(b), there is lack of jurisdiction in this court to consider them on the merits. Western Contracting Corp. v. National Surety Corp., supra, 163 F.2d at 459.

After the appeals were docketed in this court, an agreement was made between counsel for all parties resulting in the dismissal of the complaint in each case against the contractor Giuliani "without prejudice" under Rule 41.[4] The purpose of the dismissals is not entirely clear, but counsel urge that the effect is to confer upon us jurisdiction to hear the appeals of Peerless. Although not appealable at the time docketed, it is contended that the dismissals as to Giuliani rendered Rule 54(b) inapplicable because thereafter only the complaints against Peerless remained pending in the district court. It is urged that the situation is not dissimilar to that of a district court, in a proper situation, issuing the

54(b) certificate *nunc pro tunc*. Doing so, it has been held, validates the timeliness of the appeal. Kaufman & Ruderman, Inc. v. Cohn & Rosenberger, 177 F.2d 849 (2d Cir. 1949); see 3 Barron & Holtzoff, Federal Practice & Procedure § 1193 (1958).

■ However, in this case the judgments entered against the surety (Peerless) were not final decisions when entered and are not accorded finality by the subsequent dismissals of the claims against the contractor (Giuliani). This is particularly true here because the plaintiffs not only have the right under Rule 41 to reinstitute the complaint but actually intend doing so. Indeed, we are advised by counsel that the stipulation of dismissal contains the agreement that the contractor will cooperate to the extent of not pleading any pertinent statute of limitation when the suits are begun again and will accept service of process in any court—state or federal—selected by plaintiffs.

■ We interpret the judgments appealed from as being interlocutory in nature by reference to Rule 54(b). As such, they are subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of *all* the parties. The result is that Peerless, the defaulting surety, has merely lost its standing in court and cannot participate in any subsequent trial of the claims against the contractor. But, as said in Frow v. De La Vega, "if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others." 82 U.S. (15 Wall.) 552, 554, 21 L.Ed. 60 (1872).

■ Although *Frow* was a case of joint liability, we think the procedure established for multiple defendants by Rule 54(b) is strikingly similar and applicable not only to situations of joint liability but to those where the liability is joint and/or several. Such an interpretation

3. See 28 U.S.C.A. § 1292.

4. We are so advised by counsel in oral argument.

finds some support in the common law: "there may be entered an interlocutory judgment of default against the defaulting defendant, but a final judgment cannot be entered on the default until the issue as to the other defendants is successfully disposed of." 49 C.J.S. Judgments § 191b(2), at 329 (1947). Even under statutes permitting separate judgments it has been held that a default judgment may not "be entered against a defendant who is only secondarily liable, until a successful termination of the suit against defendant primarily liable." Id. at 330.

In Moore, Federal Practice, it has been said: "[W]here the liability is joint and several or closely interrelated and a defending party establishes that plaintiff has no cause of action or present right of recovery, this defense generally inures also to the benefit of a defaulting defendant," citing American Coat Pad Co. of Baltimore City v. Phoenix Pad Co., 113 F. 629, 633 (4th Cir. 1902), and other decisions. 6 Moore, Federal Practice § 55.06, at 1821 (2d ed. 1965).

■■ It is true that plaintiffs could have sued Peerless alone without joining the contractor Giuliani. United States v. Western Casualty & Surety Co., 359 F.2d 521 (6th Cir. 1966); United States v. Uhlhorn International, S.A., 238 F.Supp. 887, 891 (D.C.Z.1965). The statute grants the right to sue "on such payment bond" independent of any right to sue the contractor. 40 U.S.C.A. § 270b. But if the surety alone had been sued, it seems unlikely that default would have occurred. The trouble here was the misplaced reliance of the surety on the contractor.

On remand the district court is instructed to allow plaintiffs reasonable time within which to reinstate or file anew the complaints previously dismissed against the contractor.[5] The judgments heretofore entered against the surety will be treated as interlocutory until the con-clusion of the cases against the contractor and will then be subject to revision, if thought appropriate by the district judge, in the light of the result of the cases tried against the contractor and what we have said herein.

Appeals dismissed.

5. We are aware of the absurdity of the situation. Plaintiffs have nothing to gain by reinstating the complaints, but agreed to do so as a part of the dismissal stipulation.