UNITED STATES of America for the Use and Benefit of FALLS CONSTRUCTION CO., a corporation, Plaintiff,

v.

SANTA FE ENGINEERS, INC., a corporation, and the Travelers Indemnity Company, a corporation, Defendants.

Civ. No. 2942.

United States District Court,
D. Montana,
Great Falls Division.

Nov. 1, 1971.

R. F. Clary, Jr., Baucus, Corontzos & Iwen, Great Falls, Mont., for plaintiff.

James, Crotty & Fopp, Great Falls, Mont., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

A motion to amend a complaint to add a party defendant raises a heretofore undiscussed problem of federal jurisdiction under the Miller Act.[1]

Santa Fe Engineers, Inc., a prime contractor subject to the terms of the Miller Act, employed a subcontractor, Maecon, Inc., to do a portion of the work. Maecon, Inc. in turn subcontracted a portion of the work to Falls Construction Company, the use plaintiff. Use plaintiff, claiming to be unpaid, brought this action against Santa Fe Engineers, Inc., the prime contractor, and Travelers Indemnity Co., the surety on the Miller Act bond. Use plaintiff now seeks to join Maecon, Inc., the subcontractor.[2]

Use plaintiff's claim against the subcontractor arises under state law. The

1. 40 U.S.C. § 270a.

2. In United States to Use of Par-lock Appliers of New Jersey v. J. A. J. Construction Co., 49 F.Supp. 85 (E.D.Pa. 1943), aff'd 137 F.2d 584 (3rd Cir. 1943), the Court without discussion approved such a joinder.

Miller Act does not place any federal obligations on the subcontractor as it does upon the prime contractor and his surety (40 U.S.C. § 270a). In the absence of an action on the bond a District Court would have no jurisdiction over disputes between a subcontractor and his suppliers or second tier subcontractors.

I think, however, that the subcontractor may be properly joined. In this action on the bond there is power in the district court to decide the dispute between the subcontractor and use plaintiff because in this kind of case the Court as a condition to the determination of the liability on the payment bond must under state law determine the liability of a subcontractor to his suppliers or second tier subcontractors. In short, the District Court does have jurisdiction over the subject matter.

A claim against the subcontractor arises out of the same transaction or occurrence as does the claim against the payment bond, and the joinder is proper under Rule 20(a) of the Rules of Civil Procedure. The addition of the subcontractor does not divest the Court of jurisdiction because jurisdiction is not dependent upon diversity.

It is not necessary to employ the doctrine of pendent jurisdiction[3] to reach the result which I have reached because under the facts here the resolution of the claim under state law, both as a matter of law and of fact, is the resolution of the substance of the claim under federal law. In the typical pendent jurisdiction case a liability under state law is not a condition to the existence of liability under federal law.

The motion to amend is granted.

3. It is broadly stated that pendent jurisdiction exists only when the state claim involves the same plaintiffs and defendants and that the doctrine of pendent

jurisdiction cannot be employed to reach additional parties. *See* Wright, Law of Federal Courts, p. 65 (2d Ed.1963).