**UNITED STATES of America, on Behalf of and for the Use of POLIED ENVIRONMENTAL SERVICES, INC., Plaintiff,**

v.

**INCOR GROUP, INC., Greenwich Insurance Company, USA Contractors, Inc., and United States Fidelity and Guaranty Company, Defendants.**

No. 3:02–CV–01254 GLG.

United States District Court,
D. Connecticut.

Dec. 31, 2002.

Nathalie Feola–Guerreri, Shepro & Blake, Stratford, CT, for Plaintiff.

Gregory Robert Faulkner, Salvatore N. Fornaciari, Halloran & Sage, Timothy T. Corey, Pepe & Hazard, Matthew M. Horowitz, Wolf, Horowitz, Etlinger & Case Etlinger & Ray, Hartford, CT, for Defendants.

### Opinion

GOETTEL, District Judge.

This action is brought under the Miller Act, 40 U.S.C. § 270b, by the use plaintiff[1] Polied Environmental Services, Inc., a sub-subcontractor on a federal government project, seeking to recover monies due and owing from the prime contractor, the subcontractor, and their sureties. Plaintiff's amended complaint sets forth two counts, the first under the Miller Act and the

second for violation of Connecticut's Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. §§ 42–110a, et seq. Pending before the Court are defendants' motions to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, filed pursuant to Rules 12(b)(1) and (6), Fed.R.Civ.P. [**Doc. Nos. 13 & 18**].[2] For the reasons set forth below, these motions will be granted in part and denied in part.

### Standard for Motion to Dismiss

In ruling on a motion to dismiss for lack of subject matter jurisdiction, filed pursuant to Rule 12(b)(1), Fed.R.Civ.P., this Court must first determine whether it is confronted with a facial or factual challenge to its jurisdiction. See Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir.2000); 2 Moore's Federal Practice, § 12.30[4] (2002 3d ed.). In this case, the defendants mount a facial challenge to the complaint, attacking the sufficiency of the pleading. Thus, the Court is limited in its review to the allegations of the complaint, which we accept as true for purposes of this motion and construe most favorably to the plaintiff. See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir.1994).

Likewise, in ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, filed pursuant to Rule 12(b)(6), Fed.R.Civ.P., our consideration is limited to the face of the complaint. Again, the Court is required to accept as true all factual allegations of the complaint and must draw all reasonable inferences in favor of the plaintiff, as the non-moving party. Hernandez v. Cough-

---

**1.** The Miller Act, 40 U.S.C. § 270b(b), provides in relevant part that "[e]very suit instituted under this section shall be brought in the name of the United States for the use of the person suing...."

**2.** One motion is filed by defendants Incor, USA, Inc., and Greenwich [**Doc. No. 13**]. The other is filed by defendant USF & G [**Doc. No. 18**].

*lin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied*, 513 U.S. 836, 115 S.Ct. 117, 130 L.Ed.2d 63 (1994). Dismissal of a complaint for failure to state a claim upon which relief may be granted is not warranted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The task of the Court in ruling on a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984) (internal citations and quotation marks omitted).

### Background Facts

The following facts are set forth in plaintiff's amended complaint.

Defendant USA Contractors, Inc., d/b/a United Stone America, Inc. ("USA, Inc."), entered into a contract, Contract No. N62472–99–C–0033 (the "Prime Contract"), with the United States acting by and through the United States Navy ("Navy"), whereby USA, Inc., agreed to provide certain labor, materials, and equipment to the Navy for the Dolphin Gardens Project in Groton, Connecticut ("the Project"). Defendant United States Fidelity and Guaranty Company ("USF & G"), as surety, issued a payment bond for the protection of all persons supplying labor and material in the prosecution of work provided for in the Prime Contract.

On or about March 16, 2001, defendant Incor Group, Inc., ("Incor") and USA, Inc., entered into a subcontract ("Subcontract"), under which Incor agreed to provide certain labor, materials, and equipment related to site demolition for the Project and the removal and disposal of materials containing lead and/or asbestos. Defendant Greenwich Insurance Company ("Greenwich"), as surety, issued a payment bond for the Subcontract.[3] Subsequently, Incor entered into a sub-subcontract with plaintiff, Polied Environmental Services, Inc. ("Polied" or "plaintiff"), whereby Polied agreed to furnish Incor, for valuable consideration, with certain labor and materials for the Project.

From July 23, 2001, until January 2002, Polied provided materials and equipment to the Project pursuant to the sub-subcontract. In December 2001, and on subsequent dates thereafter, Polied made written demand upon Incor, Greenwich, USA, Inc., and USF & G for the payment of $271,000, which monies Polied claims are due and owing. The demands were made within 90 days of the last date upon which Polied provided materials and equipment on the Project, as required by 40 U.S.C. § 270b.

Polied claims that Incor and USA, Inc., are liable under the payment bonds that each posted for the Project under 40 U.S.C. §§ 270a and 270b (Count I). Polied further alleges that the "foregoing" constitutes a violation of CUTPA on the part of Incor, Greenwich, USA, Inc., and USF & G, in that said actions violated the Miller

---

**3.** Plaintiff has not provided the Court with copies of the payment bonds. In the amended complaint, plaintiff alleges that the payment bond issued by Greenwich was for the protection of all persons supplying labor and material in the prosecution of work provided for in the Prime Contract. (Am.Comp.¶ 8.) Defendants assert that the payment bond is-

sued by Greenwich was a private bond and was not furnished pursuant to the Miller Act. That is an issue we cannot resolve at this time. However, because we dismiss the first count as to Greenwich, this issue is irrelevant at this time, but should be addressed by plaintiff should it file a second amended complaint.

Act and caused substantial and ascertainable injury to Polied.

Defendants contend that plaintiff has failed to allege any injury and thus, has not presented a case or controversy as required by Article III, Section 2, of the United States Constitution. Alternatively, they assert that plaintiff has failed to state a viable claim under the Miller Act or CUTPA.

### Discussion

#### I. Rule 12(b)(1)—Lack of Subject Matter Jurisdiction

■ Defendants first assert that this Court lacks subject matter jurisdiction over plaintiff's complaint because plaintiff has failed to allege an injury and, thus, has not presented a case or controversy as required by Article III, Section 2, of the United States Constitution. Plaintiff has alleged that money is due and owing to it for materials and equipment furnished to the Project pursuant to its Subcontract (Am.Comp.¶ 11). Plaintiff has further alleged that the actions of defendants caused "substantial and ascertainable injury to Polied." (Am.Comp., Ct.II, ¶ 8.) Plaintiff has sufficiently alleged an injury to satisfy the case or controversy requirements of Article III. Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

#### II. Rule 12(b)(6)—Failure to State a Claim

Defendants next ask this Court to dismiss both counts of plaintiff's amended complaint for failure to state a claim upon which relief may be granted.

#### A. Count I—Miller Act

The Miller Act, 40 U.S.C. §§ 270a-d, governs the payment rights of persons who supply labor and material for the construction of most federal construction pro-

jects. Because a lien cannot attach to Government property, persons supplying labor or materials on a federal construction project are protected by a payment bond. *J.W. Bateson Co. v. United States ex rel. Board of Trustees*, 434 U.S. 586, 589, 98 S.Ct. 873, 55 L.Ed.2d 50 (1978). The Miller Act provides that, for federal construction projects having a prime contract price in excess of $25,000.00, the prime contractor must post a "payment bond" from a surety "for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person." 40 U.S.C. § 270a(a). The Miller Act was "designed to provide an alternative remedy to the mechanics' liens ordinarily available on private construction projects." *J.W. Bateson Co.*, 434 U.S. at 589, 98 S.Ct. 873.

The protections afforded by the Miller Act are limited to those with a contractual relationship with the prime contractor or with a subcontractor. *Id.* In this case, based on the allegations of the complaint, Polied, as a second-tier subcontractor with a contractual relationship with Incor, a subcontractor, would be covered by the Miller Act, assuming all other required conditions have been met. *See Id.* at 587, 589, 98 S.Ct. 873; *United States ex rel. Olmsted Elec., Inc. v. Neosho Const. Co.*, 599 F.2d 930 (10th Cir.1979).

The Miller Act provides a party who supplies labor and/or materials on a project governed by a Miller Act payment bond with a right to sue on such payment bond. Section 2(a) provides:

Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under sections 270a to 270d of this title and who has not been paid

in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, *shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit* and to prosecute said action to final execution and judgment for the sum or sums justly due him: *Provided, however,* That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed....

40 U.S.C. § 270b(a)(emphasis added).

To establish a prima facie case under the Miller Act, a labor or material supplier must prove that (1) the labor or materials were supplied in prosecution of the work provided in the contract; (2) the supplier has not been paid; (3) the supplier had a good faith belief that the labor or materials were intended for the specified work; and (4) the jurisdictional requisites of the Miller Act have been met. *See United States ex rel. Canion v. Randall & Blake,* 817 F.2d 1188, 1191–92 (5th Cir.1987); *United States ex rel. Martin Steel Constructors, Inc. v. Avanti Constructors, Inc.,* 750 F.2d 759 (9th Cir.1984), *cert. denied,* 474 U.S. 817, 106 S.Ct. 60, 88 L.Ed.2d 49 (1985); *United States ex rel.*

*Hussmann Corp. v. Fidelity and Deposit Co.,* 999 F.Supp. 734, 741 (D.N.J.1998)(citing cases). The Miller Act is to be liberally construed to effectuate its protective purposes. *See J.W. Bateson Co.,* 434 U.S. at 594, 98 S.Ct. 873; *Hussmann Corp.,* 999 F.Supp. at 741.

■ Contrary to defendants' assertions, we find that the allegations of Polied's amended complaint adequately set forth the substantive elements of a Miller Act claim. Plaintiff alleges (1) that it provided materials and equipment to the Project ("[P]rior and subsequent to July 23, 2001 and until January of 2002, Polied provided its materials and equipment to the Project" (Am.Comp.¶ 11)); (2) that it was not paid ("In December of 2001, and on subsequent dates thereafter, Polied made written demand upon Incor, Greenwich, USA and USF & G for the payment of all sums *due and owing to it* " (Am.Comp.¶ 12)(emphasis added)); (3) that the materials were furnished pursuant to the Project pursuant to the Subcontract (Am.Comp.¶ 11); and (4) that the demands on defendants "were made within ninety (90) days of Polied's last day of materials and equipment being provided on the Project under its Subcontract with Incor. Such notice was duly served, receipt thereof acknowledged, in compliance with Title 40 U.S.C. § 270b, accurately stated the amount claimed and the name of the party to whom the material was furnished, and otherwise complied with the provisions of the aforesaid statute." (Am.Comp.¶ 12.) Thus, we find that the amended complaint sets forth the required elements of a cause of action under the Miller Act. *See Canion,* 817 F.2d at 1191; *United States ex rel. Balzer Pacific Equip. Co. v. Fidelity and Deposit Co. of Md.,* 895 F.2d 546, 550 (9th Cir.1990); *United States ex rel. Carlson v. Continental Casualty Co.,* 414 F.2d 431, 433 (5th Cir.1969).

Defendants Greenwich, Incor, and USA, Inc., further allege that Count I should be dismissed as to them because they are not proper defendants in an action brought under the Miller Act. They argue that the only proper defendant is the surety on the prime contract, USF & G. Greenwich and USF & G also maintain that they should be dismissed as defendants because plaintiff's first count has not even been asserted against them. Their argument in this regard is based on the last paragraph of Count I, which reads:

As a consequence of the foregoing, *Incor and USA* are liable to Polied under the payment bonds that each posted for the Project pursuant to Title 40 U.S.C. §§ 270a and 270b.

(Am.Comp.¶ 13)(emphasis added). No liability is claimed against the two sureties, Greenwich and USF & G, although Polied previously stated that it had served a written demand on the sureties for the amount due and owing.

Plaintiff appears to recognize certain deficiencies in its complaint and, in its opposition papers, requests leave to amend its amended complaint. Leave to amend should be freely given, particularly in a case such as this where defendants have been given fair notice of plaintiff's claims against them. Accordingly, the motion to dismiss of Greenwich and USF & G will be granted as to Count I and plaintiff will be given thirty (30) days to file a second amended complaint, clarifying against which defendants it is asserting its Miller Act claim.

█ As to the argument of defendants USA, Inc., and Incor, the prime and subcontractor, that they are not proper parties to this suit, we find that this argument fails. A cursory review of reported Miller Act cases reveals that a significant number are brought against both the surety and the general or prime contractor. *See, e.g., Olmsted Elec., Inc.; Martin Steel; Canion.* While the Miller Act gives plaintiff a cause of action against the surety, 40 U.S.C. § 270b(a) [4], nothing in that section prevents a sub-subcontractor from also suing the prime contractor or the subcontractor. *See United States ex rel. Owens v. Olympic Marine Services, Inc.,* 827 F.Supp. 1232, 1234 (E.D.Va.1993); *United States ex rel. Hudson v. Peerless Ins. Co.,* 374 F.2d 942 (4th Cir.1967) (bringing suit against both surety and contractor was permissible under Miller Act); *United States ex rel. Statham Instr., Inc. v. Western Casualty & Surety Co.,* 359 F.2d 521 (6th Cir.1966)(federal court had jurisdiction over prime contractor). Plaintiff, as a second-tier subcontractor, must prove a right of recovery against the subcontractor and derivatively against the prime contractor in order to recover on the payment bond. *See 17 Am.Jur.2d,* Contractors' Bonds § 283 (2002 Supp.). Thus, the general contractor and subcontractor are proper parties defendant in a federal Miller Act case. *See Clifford F. MacEvoy Co. v. United States ex rel. Calvin Tomkins Co.,* 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163 (1944); *Fleisher Engineering & Const. Co. v. United States ex rel. Hallenbeck,* 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12 (1940); *United States ex rel. Falls Const. Co. v. Santa Fe Engineers, Inc.,* 53 F.R.D. 279 (D.Mont.1971); *Joseph F. Hughes & Co. v. Harry S. Mickey, Inc.,* 211 F.Supp. 298, 300 (D.Md.1962); *United States ex*

---

4. *See United States ex rel Hudson v. Peerless Insurance Co.,* 374 F.2d 942 (4th Cir.1967); *United States ex rel. Goodenow v. Aetna Casualty & Surety Co.,* 5 F.2d 412 (6th Cir.1925); *United States ex rel. Way Panama, S.A. v.* *Uhlhorn Intern., S.A.,* 238 F.Supp. 887 (D.C.Z. 1965), *aff'd,* 378 F.2d 294 (5th Cir.), *cert. denied,* 389 U.S. 1004, 88 S.Ct. 561, 19 L.Ed.2d 598 (1967)(holding that surety alone can be sued).

*rel. Par–Lock Appliers of New Jersey v. J.A.J. Const. Co.,* 49 F.Supp. 85, 87 (E.D.Pa.), *aff'd,* 137 F.2d 584 (3d Cir.1943).

Defendants also argue that this count should be dismissed because plaintiff has failed to allege the balance due and owing at the time suit was filed, as required by the Miller Act. Although plaintiff states that it made demand on all four defendants "for the payment of all sums due and owing to it, which principal sum totaled $271,000," plaintiff fails to allege "the amount, or the balance thereof, unpaid at the time of institution of such suit." 40 U.S.C. § 270b(a). However, we have found no case holding that this is a required allegation of a claim under the Miller Act. Plaintiff has alleged that money was due and owing and that it made demand on all of the defendants "accurately stat[ing] the amount claimed." We decline to dismiss this count on the ground that plaintiff has failed to specify whether the full subcontract amount or a lesser balance remained unpaid at the time suit was filed. Clearly, however, this would be the better pleading practice.

Accordingly, Count I is dismissed without prejudice as to defendants USF & G and Greenwich and plaintiff is granted leave to file a second amended complaint within thirty (30) days of the date of this ruling.

### B. Count II—Violation of CUTPA

■ Defendants also ask this Court to dismiss plaintiff's second count which is brought under CUTPA.[5] This count incorporates the preceding paragraphs of the first count and then alleges in conclusory fashion:

> The foregoing constitutes a violation of the Connecticut Unfair Trade Practices Act, C.G.S.A. §§ 42–110a *et seq.,* on the part of Incor, Greenwich, USA and USF & G in that said actions violated United States Code, Title 40, §§ 270a and 270b, and in that said actions caused substantial and ascertainable injury to Polied.

(Am.Comp., Ct.II, ¶ 8.)

Defendants raise several grounds for dismissing this count under Rule 12(b)(6). First, they assert that plaintiff has failed to allege a violation of the Miller Act or any other statutory, common-law, or public policy basis for its CUTPA claim. Second, they argue that the complaint fails to allege any ascertainable loss of money or property as a result of actions proscribed by CUTPA. Third, they claim that this count should be dismissed because plaintiff has failed to plead a CUTPA violation with particularity as required by Rule 9(b), Fed.R.Civ.P. Finally, they assert that plaintiff cannot assert a CUTPA claim against USF & G or Greenwich, the surety companies, absent an allegation that their conduct violated Connecticut's Unfair Insurance Practices Act, Conn. Gen.Stat. § 38a–815, *et seq.* ("CUIPA").

We have already held that plaintiff has adequately alleged a violation of the Miller Act and, thus, deny the motion to dismiss the CUTPA count on that ground. Additionally, we note that the Connecticut courts have allowed CUTPA claims in cases alleging violations of Connecticut's Little Miller Act, Conn. Gen.Stat. §§ 49–41, *et seq. See, e.g., DSM, Inc. v. Sentry*

---

5. CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen.Stat. § 42–110b(a). In order to enforce this prohibition, CUTPA provides a private cause of action to "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a [prohibited] method, act or practice prohibited by section 42–110b ...." Conn. Gen.Stat. § 42–110g(a). *Abrahams v. Young & Rubicam, Inc.,* 240 Conn. 300, 306, 692 A.2d 709 (1997).

*Select Insurance Co.,* No. CV010085405S, 2002 WL 652424 (Conn.Super. Mar. 22, 2002); *Blakeslee Arpaia Chapman, Inc. v. United States Fidelity & Guaranty Co.,* No. 520348, 1994 WL 76383, at *1 (Conn.Super. Mar. 4, 1994)(holding that a CUTPA action was maintainable along with a claim under § 49–42); *Premier Roofing Co. v. Insurance Co. of North America,* No. 31 24 38, 1995 WL 107186 (Conn.Super. Mar. 3, 1995)(holding that § 49–42 was sufficiently linked to a public policy to provide a basis for a CUTPA claim); *see also Okee Industries, Inc. v. National Grange Mutual Ins. Co.,* 225 Conn. 367, 623 A.2d 483 (1993)(complaint alleging violations of § 49–42, CUIPA, and CUTPA); *Saturn Const. Co. v. Premier Roofing Co.,* 238 Conn. 293, 680 A.2d 1274 (1996)(complaint alleging violations of § 49–41a and CUTPA).

Further, a number of federal circuit courts have held that the federal Miller Act does not provide a plaintiff with an exclusive remedy. *United States ex rel. Varco Pruden Buildings v. Reid & Gary Strickland Co.,* 161 F.3d 915, 919 (5th Cir. 1998); *Wright v. United States Postal Service,* 29 F.3d 1426, 1431 (9th Cir.1994); *Active Fire Sprinkler Corp. v. United States Postal Service,* 811 F.2d 747, 754 (2d Cir.1987); *United States ex rel. Sunworks Division v. Insurance Co. of North America,* 695 F.2d 455, 458 (10th Cir.1982). Accordingly, we hold that plaintiff is not precluded from asserting a CUTPA claim for defendants' alleged violation of the Miller Act.

We also reject defendants' second argument that plaintiff has not alleged an ascertainable loss. Plaintiff has alleged that money was due and owing and that it suffered a substantial and ascertainable loss. Those allegations are sufficient under the notice pleading requirements of the Federal Rules.

We likewise reject defendants' argument that plaintiff has not pled a CUTPA violation with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, applicable to fraud claims. This Court has previously held that Rule 9(b), requiring that "the circumstances constituting fraud ... shall be stated with particularity," does not govern the pleading of CUTPA claims. *See Martin v. American Equity Insurance Co.,* 185 F.Supp.2d 162, 167 (D.Conn.2002); *see also Omega Engineering, Inc. v. Eastman Kodak Co.,* 908 F.Supp. 1084, 1099 (D.Conn.1995); *Federal Paper Board Co. v. Amata,* 693 F.Supp. 1376, 1390 (D.Conn. 1988). As we explained in *Martin,* although the Connecticut courts have required CUTPA claims to be pled with particularity, this procedural requirement does not apply in federal court. Connecticut is a "fact-pleading" jurisdiction, in which each pleading must contain a "plain and concise statement of the material facts on which the pleader relies...." Conn. Practice Book § 108. The Federal Rules of Civil Procedure, however, require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a), Fed.R.Civ.P. Since fraud is not a necessary element of a state CUTPA claim, *see Miller v. Appleby,* 183 Conn. 51, 54–55, 438 A.2d 811 (1981), a plaintiff does not need to meet the pleading requirements of Rule 9(b) applicable to fraud claims, when asserting a state CUTPA claim in federal court.

■ Finally, Greenwich and USF & G argue that plaintiff may not allege a CUTPA violation against them without first alleging a violation of CUIPA. We disagree. While a violation of CUIPA may constitute a violation of CUTPA, we have found no authority to support the proposition that a surety, which is also an insurance company, can only be sued under

CUTPA for CUIPA violations. Indeed, we note that this argument has been squarely rejected by the Connecticut courts in the context of Connecticut's Little Miller Act. *See DSM, Inc.*, 2002 WL 652424, at *2; *Premier Roofing v. Insurance Co. of North America*, 1995 WL 107186, at *3.

Therefore, we deny defendants' motion to dismiss Count II of plaintiff's amended complaint.

### Conclusion

Accordingly, for the reasons set forth above, the Motions to Dismiss [**Doc. Nos. 13 & 18**] are granted to the extent that Count I against Greenwich and USF & G is dismissed without prejudice. Plaintiff is given leave to file a second amended complaint within thirty (30) days of the date of this ruling. In all other respects, the motions to dismiss are denied.

SO ORDERED.