David **MULLINS**; Lisa Mullins, Plaintiffs,

v.

**RIVER DOCKS, CORP.,** d/b/a James River Marina; Jasper Engine and Transmission Exchange, Inc., d/b/a Jasper Engines and Transmissions, Defendants.

**Civil No. 4:10cv138.**

United States District Court, E.D. Virginia, Newport News Division.

May 12, 2011.

Bryan Karl Meals, Davey & Brogan PC, Norfolk, VA, for Plaintiffs.

W. Ryan Snow, Crenshaw Ware & Martin PLC, Norfolk, VA, for Defendants.

### ORDER

REBECCA BEACH SMITH, District Judge.

On April 5, 2011, the Clerk entered default against defendant Jasper Engine and Transmission Exchange, Inc. ("Jasper"), pursuant to Federal Rule of Civil Procedure 55(a). This matter comes before the court on the plaintiffs', David and Lisa Mullins, Motion for Default Judgment as to Jasper, pursuant to Federal Rule of Civil Procedure 55(b)(2). Defendant River Docks, Corp., d/b/a James River Marina ("James River"), opposes the motion, in that James River requests entry of judgment as to Jasper be delayed until the conclusion of this action between James River and the plaintiffs.

Final judgment can be entered as to one of multiple defendants, if the court "expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b).

However, if the court finds just reason, an order or decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Id.

In the case at bar, the court **FINDS** just reason for delay: the avoidance of potentially inconsistent judgments, since James River and Jasper are alleged to both be liable on several counts and are similarly situated with respect to the facts and potential defenses. See United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942, 944–45 (4th Cir.1967). Entry of judgment as to Jasper at this stage risks unavoidable inconsistency with a later judgment, should the court find for James River, in whole or in part. Indeed, if James River prevails, its successful defense could "inure[ ] also to the benefit of [the] defaulting defendant," Jasper. Id. at 945 (citations omitted). Accordingly, while the Motion for Default Judgment is **GRANTED**, the amount of said judgment against Jasper is to be determined upon the entry of a final judgment in the case. Further, entry of judgment in favor of the plaintiffs and against Jasper shall be held in abeyance, until the conclusion of this action with respect to James River.

**IT IS SO ORDERED.**