**R. C. LIMERICK, Jr., Appellant,**

v.

**T. F. SCHOLES, INC., and United States Fidelity and Guaranty Company, Appellees.**

**No. 6674.**

United States Court of Appeals Tenth Circuit.

July 11, 1961.

Griffin Smith, Little Rock, Ark., submitted on brief, for appellant.

Clarke W. Karr, Denver, Colo. (John P. Thompson, Denver, Colo., was with him on the brief), for appellees.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The issue is whether in a case brought under the Miller Act[1] a valid judgment may be obtained in third-party proceedings when there is extraterritorial service of process on the third-party defendant. The action was brought in the United States District Court for the District of Colorado by the United States for the use of Kern-Limerick, Inc., to recover from T. F. Scholes, Inc., a prime contractor under a federal construction contract, and the surety on its bond for materials furnished a subcontractor. Scholes and its surety filed a third-party complaint against appellant Limerick and others alleging that the third-party defendants had agreed to indemnify Scholes for any failure of the subcontractor to perform and that the claim in the main

---

1. 40 U.S.C.A. §§ 270a–270e.

action was predicated on the nonperformance of the subcontractor. Limerick, who was personally served with the third-party summons in Arkansas, moved to quash the service of the summons and to dismiss the complaint. The motions were denied and judgment was entered against Limerick and in favor of Scholes and its surety for $80,000.

The territorial limits on the effective service of process other than a subpoena are governed by Rule 4(f), F.R.Civ.P., 28 U.S.C.A., which authorizes service anywhere within the territorial limits of the state wherein the district court is held "and, when a statute of the United States so provides, beyond the territorial limits of that state."

The Miller Act provides [2] that every suit instituted thereunder shall be brought "in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere." In the case at bar the contract was to be performed and executed entirely in the State of Colorado.

Prior to the Miller Act the subject of contractors' bonds for federal public works was covered by the Heard Act,[3] and the provisions therein relating to the institution of suit were practically identical with those now found in the Miller Act.[4] In United States v. Congress Construction Co., 222 U.S. 199, 203–204, 32 S.Ct. 44, 46, 56 L.Ed. 163, it was held that this statutory restriction on place of suit has the effect of displacing the provision on territorial limitation of service found in the General Jurisdictional Act [5] and "amply authorizes the Circuit Court in the district wherein the action

is required to be brought to obtain jurisdiction of the persons of the defendants through the service upon them of its process in whatever district they may be found." The replacement of the Heard Act by the Miller Act and the adoption of Rule 4(f) to govern the service of process other than subpoena does not destroy the validity of the principle announced in the Congress Construction Co. case. The Supreme Court has said that the Miller Act, like the Heard Act, is "highly remedial in nature" and must be liberally construed "to effectuate the Congressional intent to protect those whose labor and materials go into public projects."[6] Congress cannot have intended that such an act be rendered ineffective by placing a limitation on place of suit which would render such suit useless for the grant of relief against one who could not be served within the state wherein the suit was filed. The practical operation of the Miller Act requires service beyond the territorial limits of the state.

Appellant urges that this principle may not be extended so as to permit extraterritorial service on a third-party defendant. The argument is that the third-party practice authorized by Rule 14, F.R.Civ.P., is limited by Rule 82 which forbids the construction of the rules "to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." The argument is that while extraterritorial service in a Miller Act case is proper as to an original defendant, it is not proper as to a third-party defendant because it results in an extension of jurisdiction over a person not within the state where the action is pending.

---

2. 40 U.S.C.A. § 270b.

3. Act of August 13, 1894, c. 280, 28 Stat. 278, as amended by the Act of February 24, 1905, c. 778, 33 Stat. 811.

4. See 33 Stat. 812 where suit is authorized "in the circuit court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere, * * *."

5. 25 Stat. 433, c. 866, § 1.

6. United States for Benefit and on Behalf of Sherman v. Carter, 353 U.S. 210, 216, 77 S.Ct. 793, 796, 1 L.Ed.2d 776. See also Fanderlik-Locke Co. v. United States, 10 Cir., 285 F.2d 939, 942, and McWaters and Bartlett v. United States, 10 Cir., 272 F.2d 291, 294.

The applicability of the Rules of Civil Procedure to Miller Act cases is not and cannot be questioned.[7] This includes Rule 14 governing third-party practice. The problem involves the correlation of Rule 4(f) and Rule 82, and this was resolved by the decision in Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 445, 66 S.Ct. 242, 246, 90 L.Ed. 185. The Court there held that these two rules must be construed together; that Rule 82 refers to venue and jurisdiction of the subject matter; and that "Rule 4(f) serves only to implement the jurisdiction over the subject matter which Congress has conferred, by providing a procedure by which the defendant may be brought into court at the place where Congress has declared that the suit may be maintained."

In the case at bar the Miller Act fixes venue and jurisdiction over the subject matter in Colorado. The extraterritorial service of process is the means by which the federal district court held in Colorado obtains jurisdiction over the person of the third-party defendant. Under the decision in the Mississippi Publishing Corp. case this is not an infringement on the substantive rights of the person so served. The desirability of the procedure followed is apparent. The purpose of Rule 14 is to avoid two actions which should be tried together.[8] The determination of the liability of the prime contractor and of his indemnitor in one action accords with the liberal spirit of the Miller Act and of the Rules of Civil Procedure. The Miller Act provisions limiting venue and jurisdiction over the subject matter make necessary extraterritorial service of process not only over original defendants but also over third-party defendants to prevent an undesirable and unnecessary multiplicity of suits.

Affirmed.

7. Rule 1 makes the Rules applicable to all suits of a civil nature with the exceptions stated in Rule 81. Cases under the Miller Act are not so excepted.

8. 3 Moore's Federal Practice § 14.04, p. 412.