**SAFEWAY TRAILS, INC., et al.,**
Appellants,

v.

**The STUYVESANT INSURANCE COM-
PANY, Appellees.**

No. 8799.

United States Court of Appeals
Fourth Circuit.

Argued April 2, 1963.

Decided April 4, 1963.

Richard L. Wharton, Greensboro, N. C.,
and Richard R. Paradise, Washington,
D. C. (Charles B. McInnis, Washington,
D. C., L. A. Odom, Spartanburg, S. C.,
and Roberts & McInnis, Washington, D.
C., on brief), for appellants.

Bynum M. Hunter and David M. Clark,
Greensboro, N. C. (Smith, Moore, Smith,
Schell & Hunter, Greensboro, N. C., on
brief), for appellees Stuyvesant, Unity,
U. S. Liability, Global, Preferred and
Nationwide, defendant reinsurers.

Before SOBELOFF, Chief Judge,
HAYNSWORTH, Circuit Judge, and
HARRY E. WATKINS, District Judge.

PER CURIAM.

Plaintiffs are each insured under public
liability policies issued by defendant,
Equity General Insurance Company.
The latter company was unable to carry
all of such insurance and entered into
quota reinsurance agreements with the
other defendant insurance companies.
These plaintiffs have sustained losses un-
der their policies with Equity General.
The reinsurance agreements between
Equity General and defendant insurance
companies provide that in the event of
insolvency of Equity General and the
appointment of a receiver that any
amount due under such reinsurance
agreements shall be paid to such receiver
of Equity General.

When Equity General, a Florida cor-
poration, became insolvent, a receiver
was appointed on September 23, 1960, by
a state court in Florida having jurisdic-
tion. That court entered an order direct-
ing the receiver to marshall all of the
assets of Equity General and authorizing
the liquidation of the company. Defend-
ant reinsurers submitted to the jurisdic-
tion of that court and were ordered to
pay to the receiver the several sums of
money from time to time found to be
due by them under the terms of the re-
insurance agreements. That court also
directed that all persons having claims
against Equity General present their
claims to the receiver not later than De-
cember 15, 1961.

Instead of proving their claims in the
receivership proceeding in the Florida
court, and asserting their alleged claims
to the funds to be paid to the receiver
under such reinsurance agreements,
plaintiffs brought this Declaratory Judg-
ment action on October 6, 1961, seeking

to have the reinsurance proceeds paid directly to plaintiffs rather than through the receiver. From an order of the District Court, 211 F.Supp. 227, dismissing such action, plaintiffs have appealed.

We believe that the District Court correctly held that plaintiffs must prove their claims against Equity General and to the funds which are paid into Court by defendants in the Florida Receivership proceeding. We assume that they will be permitted to file their claims and be given a hearing in that forum. Should plaintiffs not be permitted to file their claims or to have a hearing thereon in the Florida court, they may apply to this court for further hearing. In the meantime, this action will be retained on the docket of this court.

SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and HARRY E. WATKINS, District Judge, concur.