372 F.2d 449
 UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,
v.
The AMERICAN STATE BANK, Frank Farris, Howe Sound Company, Murray Director Affiliates, Inc., and Security National Bank of Kansas City, Kansas, Appellees.
 No. 8515.
 United States Court of Appeals Tenth Circuit.
 February 10, 1967.
 
 David H. Sanders, Tulsa, Okl., and Gus Rinehart, Oklahoma City, Okl. (Rinehart & Morrison, Oklahoma City, Okl., and Sanders, McElroy & Whitten, Tulsa, Okl., of counsel, on the brief with them), for appellant.
 Coleman H. Hayes and John H. Cantrell, Oklahoma City, Okl. (Wm. J. Holloway, Jr., Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Monnet, Hayes, Bullis, Grubb & Thompson, and Cantrell, Douglass, Thompson & Wilson, Oklahoma City, Okl., on the brief with them), for appellees.
 Before PICKETT, LEWIS and HICKEY, Circuit Judges.
 DAVID T. LEWIS, Circuit Judge.
 
 
 1
 This case reaches us as a Rule 54(b) offshoot, Fed.R.Civ.P., in an original action brought under the Miller Act, 40 U.S.C. §§ 270a and 270b, by the United States for the use and benefit of Flint Steel Corporation, a subcontractor, against the PLS Company, a joint venture engaged as prime contractor on a federal project at Ft. Sill, Oklahoma. The United States Fidelity & Guaranty Company was joined as party defendant as surety on the Miller Act bonds required of PLS for both payment and performance. After obtaining leave of court, the appellant surety filed a third-party complaint alleging a right to recover from appellees actual and punitive damages together with attorney's fees suffered and expended by the surety under the requirements of its performance bond. Appellees were non-residents of Oklahoma and the claim against them was premised upon allegations of ex maleficio deeds leading to a right to indemnity implied in law. The specific allegation asserted that appellees had conspired to present a totally false statement of PLS's financial worth that had induced appellant to issue its surety bonds. This appeal followed an order of the trial court vacating its previous order allowing the filing of the third-party complaint, quashing the service of summons upon appellees, dismissing them from the action, and dismissing the action.
 
 
 2
 Although the full scope of this appeal has required the parties to present arguments touching upon the jurisdictional and venue aspects of the Miller Act, the requirements of Rules 4(f) and 14, Fed. R.Civ.P., as they apply to the Miller Act, and the availability of the Oklahoma long-arm statute in such cases, we deem a threshold question to be dispositive. Did the court err in dismissing the third-party complaint when it became apparent that the appellant surety's claim against appellees was founded on the performance bond and was totally unrelated to the payment bond on which the use plaintiff brought the original action? We hold that the court did not err and affirm the judgment.
 
 
 3
 In Limerick v. T. F. Scholes, Inc., 292 F.2d 195, this court held it proper under the Miller Act to allow a third-party complaint by the surety wherein it was alleged that the third-party defendants had agreed to indemnify the prime contractor for any failure of the sub-contractor to perform and that the claim in the main action was predicated on the non-performance of the sub-contractor. In Limerick the amount claimed by the use plaintiff was the identical amount for which the indemnifying third parties would be liable and the fact of liability of the third parties was dependent upon the success of the use plaintiff in the main action. In the case at bar, in contrast, no attempt is made to pass on to third parties all or part of the claim asserted against the original defendants. The original suit is on a payment bond. The third-party complaint is for indemnification for losses on a performance bond.[1] Under the Miller Act these bonds represent separate obligations running to separate obligees; to persons supplying materials and labor in the case of the payment bond and to the government of the United States in the case of the performance bond. Here, regardless of the success or failure of the use plaintiff's cause, the appellant surety's claims against appellees would persist as an entirely independent claim. The fact that the third-party claim arises against the same general background as the main claim is not enough to allow application of Rule 14 to independent claims. Horn v. Daniel, 10 Cir., 315 F.2d 471; 3 Moore, Federal Practice ¶ 14.07.
 
 
 4
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 In the third-party complaint, surety asked for $400,000 as its cost of taking over and completing the project for PLS Company, $400,000 for punitive damages, and $40,000 for attorney's fees. The prayer for damages did not mention surety's potential amount of liability on the payment bond