UNITED STATES of America for the Use and Benefit of and on Behalf of Matthew GLYNN and Stephen C. Octabiano, etc., Plaintiffs,

v.

CAPELLETTI BROTHERS, INC., etc., et al., Defendants.

No. 77–2097–Civ–CF.

United States District Court, S. D. Florida.

Feb. 27, 1978.

---

Ira J. Kurzban, of Kurzban & Kurzban, Miami, Fla., for plaintiff.

Stephen J. Schultz, for William R. Radford, P.A., Miami, Fla., for defendant.

## ORDER

FULTON, District Judge.

A hearing on plaintiff's Motion for class certification was held before the Court on January 4, 1978, at which time the Court requested the parties to submit briefs on the question of the Court's jurisdiction. The Court has received the parties' briefs and reviewed them carefully.

The complaint in this action alleges jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1337, involving actions arising under an Act of Congress regulating commerce. Specifically, plaintiff alleges this action arose under the Miller Act, 40 U.S.C. § 270a, and the Davis-Bacon Act, 40 U.S.C. § 276a. The Court has previously considered and dismissed the Miller Act claim.

Plaintiff has failed to meet the requirements for federal question jurisdiction in this action because of the failure of plaintiff to allege damages in excess of $10,000, exclusive of interests and costs as required. Furthermore, the jurisdictional amount may not be based on accumulated claims but it must appear that each plaintiff satisfies the jurisdictional amount individually. See *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).

Inasmuch as the Court's jurisdiction cannot be based on the federal question statute, it must be shown that the Court has jurisdiction pursuant to 28 U.S.C. § 1337, which involves Acts regulating commerce. Assuming, as plaintiff does, that the Davis-Bacon Act is an act regulating commerce, the question remains whether the Court has

jurisdiction in this action pursuant to said Act.

The Davis-Bacon Act provides that contracts in excess of $2,000, in which the United States is a party, for the construction of public buildings or public works, requiring the employment of laborers, contain a stipulation that the contractor and his subcontractors pay minimum wages, which are determined by the Secretary of Labor in light of the prevailing corresponding wages on similar projections in the area. 40 U.S.C. § 276a. The Federal Water Pollution Control Act, 33 U.S.C. § 1372, provides that treatment plants receiving federal grants comply with the provisions of the Davis-Bacon Act. Therefore, it appears that the Davis-Bacon Act applies to the project in question. However, a further question must be considered. If the Davis-Bacon Act applies to the sewage treatment facility in question, does it create a private, individual cause of action?

Plaintiff seeks to support the position that the Davis-Bacon Act creates a private cause of action by reference to *McDaniel v. University of Chicago*, 512 F.2d 583 (7th Cir. 1975), which holds that under certain circumstances, a private cause of action is cognizable under section 276a–2(b) of the Act. However, the *McDaniel* case is limited to a certain set of circumstances. In *McDaniel*, the Court was dealing with a federal construction project where no bond had been posted to protect the laborers and no payments were withheld from the contractor by the government to insure that the laborers were paid the wages provided in the contract. The Court specifically focused on cases where the express remedies provided by the Act were ineffective or nonexistent, holding that in such cases, the Court should provide an alternative remedy, if possible.

■ In the present action, a bond was posted by the contractors. Furthermore, the Secretary of Labor is investigating allegations of Davis-Bacon Act violations and the possibility of withholding the contractor's payments. The laborers in the instant case are therefore protected and the Court

need not seek to imply a private cause of action where the express protection provided by the Act is available. Even the more recent case of *McDaniel v. University of Chicago*, 548 F.2d 689 (7th Cir. 1977), considered the need for alternative relief for laborers without any adequate remedy before implying a private cause of action under the Davis-Bacon Act. In addition, it appears that the Act itself provides that a laborer may have a cause of action only where any payments withheld are insufficient to reimburse the laborers. This was not an issue in the *McDaniel* cases where it was admitted that no payments had been withheld. However, plaintiff in the present action has failed to allege either that no payments were or would be withheld by the government, or alternatively, that any such monies withheld would be inadequate to reimburse the laborers. Accordingly, the private cause of action which the Court determined was available to laborers in *McDaniel*, would not be available to the plaintiff in the instant case under the provisions of the Act itself, since plaintiff failed to allege that the prerequisite to such an action had been met. In light of the foregoing circumstances, the Court finds that the plaintiff in this case does not have a cause of action under the Davis-Bacon Act, and therefore, the Court lacks jurisdiction pursuant to 28 U.S.C. § 1337 since no Act of Congress regulating commerce is involved.

■ Plaintiff has alleged several pendant state claims, including a claim for breach of contract, unjust enrichment and fraud. In light of the lack of federal jurisdiction and the obvious interest of the state in determining the remaining claims, it is clear that the pendent claims of the plaintiff must also be dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Inasmuch as plaintiff has failed to meet the jurisdictional amount requirement required for the Court to assume federal question jurisdiction, should the Court have found that a federal question was involved; and no Act of Congress regulating commerce applies to the instant case; and pen-

dent jurisdiction is not enough to support the plaintiff's cause of action, it is thereupon

ORDERED and ADJUDGED that this complaint be and the same is hereby dismissed for lack of jurisdiction.