## Eastern Engineering & Elevator v. American Re-Insurance Co.

*Lewis Kates,* for plaintiff.
*Morris R. Brooke,* for defendant.

O'NEILL, *J.,* May 4, 1981—This appeal has been taken from an order of the court dated March 23, 1981, granting summary judgment in favor of defendant, American Re-Insurance Company, and against plaintiff, Eastern Engineering and Elevator Company, Inc.

There are no disputed facts in this case. Eastern Engineering and Elevator Company, Inc., hereinafter called (Eastern), purchased a liability insurance policy from LaSalle Casualty Company, hereinafter called (LaSalle) which provided that LaSalle would defend liability claims against Eastern and pay the legal costs involved.

LaSalle then purchased a reinsurance contract from defendant, American Re-Insurance Company, hereinafter called (American) providing for reimbursement by American to LaSalle to the extent of 50% of the amount LaSalle paid out during the period covered from January 1, 1964.

On February 20, 1964 two personal injury suits were filed against Eastern, notice of which was given to LaSalle. Soon, thereafter, LaSalle became insolvent and was placed in liquidation by the insurance department of the State of Illinois. The liquidator would not defend the suits so Eastern itself defended and succeeded in obtaining a dismissal.

Eastern now brings this suit against American in the amount of $7,505 for attorney's fees and costs.

The theory on which Eastern basis its claim is privity of contract which it alleges arises because the payment which LaSalle paid to American

contained some of the money which Eastern paid to LaSalle. This argument is specious. The money Eastern paid, for its purchase of insurance, to LaSalle, now belongs to LaSalle and its use by LaSalle does not inure to the benefit of Eastern. Actually, Eastern readily admits there is no contractual relationship between itself and American.

LaSalle insured Eastern and there is no question that American insured LaSalle. The two policies of insurance are completely separate. Skandia America Reinsurance Corp. v. Schenck, 411 F. Supp. 715, 724 (S.D.N.Y. 1977); Taggart v. Keim, 103 F. 20 194, 197 (3rd Cir. 1939).

There is no privity of contract between American and Eastern which would enable Eastern to recover from American. 13A Appleman, Insurance Law and Practice, §7693 (1976). Safeway Trails, Inc. v. Stuyvesant Insurance Company, 316 F. 2d 234, 235 (4th Cir. 1963).

This is not a situation where American took over all of LaSalle's assets and thus assumed its liabilities. It is clear that LaSalle's assets and liabilities were taken over and administered by its liquidator, the Director of Insurance of the State of Illinois, and at all times remained the liquidator's responsibility.

After oral argument and a careful review of the entire record the court granted summary judgment in favor of defendant, American Re-Insurance Company, and against plaintiff, Eastern Engineering and Elevator Company, Inc.