**UNITED STATES of America for the use of Manuel MOTTA, et al., Plaintiffs,**

v.

**ABLE BITUMINOUS CONTRACTORS, INC., et al., Defendants.**

Civ. A. No. 85–3921–S.

United States District Court,
D. Massachusetts.

March 28, 1986.

John M. Boland, Boyer, Reynolds & Demarco, Providence, R.I., for plaintiffs.

Lawrence E. Car III, Krupin, Carr, Morris & Graeff, Washington, D.C., Christopher P. Sullivan, Carolan & Sullivan, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

SKINNER, District Judge.

In this action, plaintiffs seek to recover wages allegedly owed them for labor provided in connection with a government construction project on Interstate 495 in Massachusetts. Plaintiffs bring their claim under and predicate jurisdiction upon the Miller Act, 40 U.S.C. §§ 270a–270d. Defendants on this motion ask the court to dismiss the complaint for lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

In their complaint, plaintiffs allege that on November 3, 1983, the defendant contractor, Able Bituminous Contractors, Inc. ("Able"), entered into a written contract with the United States of America, acting by and through the Department of Public Works of the Commonwealth of Massachusetts, for construction on Interstate 495. The previous day Able had allegedly executed and delivered a bond to the United States of America, with the defendant Peerless Insurance Company ("Peerless") as surety, conditioned upon full payment to all persons supplying labor and materials under the contract in accordance with the provisions of 40 U.S.C. § 270a.

Plaintiffs were employed by Able as laborers on the construction project, which ran from March or April to November of 1984. At some point during that period, plaintiffs learned that they were being paid below the minimum wage provisions of the contract. They allege that Able was required under penalty of perjury to state that it was in compliance with the wage provisions and that, nonetheless, the minimum wage was not paid. Plaintiffs seek recovery of wages owed them under the contract.

The defendants make two attacks on the complaint. First, they assert that the court does not have subject matter jurisdiction because the contract at issue was not for construction of a public work "of the United States" within the meaning of the Miller Act. 40 U.S.C. § 270a. Second, they argue that the court should dismiss the complaint for failure to state a claim because the action is properly one seeking to enforce a provision of the Davis-Bacon Act, 40 U.S.C. § 276a, under which there is no express or implied private right of action.

Section 1(a) of the Miller Act provides that:

[b]efore any contract, exceeding $25,000 in amount, for the construction, alteration, or repair of any public building or *public work of the United States* is awarded to any person, such person shall

furnish to the United States the following bonds, which shall become binding upon the award of the contract to such person, who is hereinafter designated as "contractor" ...

40 U.S.C. § 270a (emphasis added). Defendants argue that the contract at issue does not fall within this provision because the construction project was a state project which was merely federally funded and therefore not a "public work of the United States". Defendants cite *United States of America for the Use and Benefit of Glynn v. Capelletti Bros.*, 448 F.Supp. 66 (S.D.Fla.1978), *aff'd* 621 F.2d 1309 (5th Cir. 1980) in support of their argument. They do not, however, provide a supporting affidavit verifying the facts they rely on to illustrate that the project was a state project but instead assert in their memorandum that the "contract giving rise to the wage claim here is a state contract" and "highways such as I–495 are universally recognized as state property and responsibility".

*Capelletti Bros.* involved a contract between a contractor and the Miami-Dade Water and Sewer Authority to construct a sludge treatment facility at Virginia Key, Miami, Florida. The project was financed in part through a grant by the Environmental Protection Agency. The lower court opinion does not discuss the defendants' argument that federally assisted state projects don't fall within the Miller Act but simply notes that the Miller Act claims of the plaintiff had previously been dismissed. The court of appeals' opinion explains that the lower court had previously ruled the Miller Act inapplicable since the work project at issue was "merely federally assisted". 621 F.2d at 1311. The court further noted that the appellants did not challenge that ruling on appeal. Consequently, the case has little if any precedential value and offers little guidance in this case.

On the other hand, plaintiffs have cited somewhat more persuasive authority for the proposition that the phrase "public work of the United States" should be and has been broadly construed.

The Miller Act, like the Heard Act, is highly remedial in nature. It is entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects.

*United States of America for the Use and Benefit of Consolidated Pipe and Supply Company v. Morrison-Knudson Co., Inc.*, 687 F.2d 129 (6th Cir.1982) (quoting *Clifford F. McEvoy Co. v. United States*, 322 U.S. 102, 107, 64 S.Ct. 890, 893–94, 88 L.Ed. 1163 (1944)). Specifically, the Supreme Court has held that a contract for construction of a federally funded library at Howard University was a "public work" of the United States. *United States to the Use of Noland Co., Inc. v. Irwin*, 316 U.S. 23, 62 S.Ct. 899, 86 L.Ed. 1241 (1942). In so holding, the Court indicated that title to the property under construction need not be vested in the federal government for the Miller Act to apply. *Id.* at 29, 62 S.Ct. at 902. Just years after the Miller Act was enacted, the sixth circuit court of appeals held that the term "public work" as used in the act was to be understood in its "plain, obvious and rational sense" and included "any work in which the United States is interested and which is done for the public and for which the United States is authorized to expend funds". *Peterson v. United States for Use of Marsh Lumber Co.*, 119 F.2d 145, 147 (6th Cir.1941); *see also United States of America for the Use of McDermott*, 224 F.Supp. 406 (N.D.Okl. 1963) (Miller Act applicable to contract for construction on state highway).

The foregoing cases suggest that the contract at issue here falls within the Miller Act and do not suggest that the result should be any different because the Commonwealth may have partially funded the construction project. Plaintiffs' allegations that Able entered into a written contract with the United States for construction on an interstate highway in the Commonwealth and that Able and Peerless executed a bond in accordance with the provisions of the Miller Act suffice to establish

**72**

that a public work of the United States is at issue. Accordingly, the defendants' attack on the jurisdiction of the court under the Miller Act fails.

The defendants' second argument is that the plaintiffs' complaint should be dismissed for failing to state a claim upon which relief can be granted because they rely on the Massachusetts version of the federal Davis-Bacon Act, a statute under which defendants argue there is no express or implied private right of action. Defendants correctly note that there is a split among the circuits as to whether the Davis-Bacon Act affords a private right of action. *Compare Capelletti Bros., supra,* and *Weber v. Heat Control Co.,* 728 F.2d 599 (3d Cir.1984) *with McDaniel v. University of Chicago,* 548 F.2d 689 (7th Cir.1977), *cert. denied* 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978). However, I need not reach that issue because I conclude that the defendants have mischaracterized the complaint as founded on the Davis-Bacon Act.

The Davis-Bacon Act provides that:

the advertised specifications for every federal contract in excess of $2,000 "for construction, alteration, and/or repair ... of public buildings or public works of the United States ... shall contain a provision stating the minimum wages to be paid various classes of laborers and mechanics which shall be based upon the wages that will be determined by the Secretary of Labor to be prevailing" for corresponding classes of laborers and mechanics employed on similar projects in the locality. Every contract based upon these specifications must contain a stipulation that the contractor shall pay wages not less than those stated in the specifications.

*Universities Research Assn., Inc. v. Coutu,* 450 U.S. 754, 756–757, 101 S.Ct. 1451, 1454–1455, 67 L.Ed.2d 662 (1981) (quoting 40 U.S.C. § 276a(a)). Defendants argue that because plaintiffs are seeking to be paid the prevailing wage set under Massachusetts legislation analogous to the Davis-Ba-

con Act, their claim is in fact a Davis-Bacon Act claim.

The defendants, however, are confusing an action brought under the Miller Act to enforce a contract containing Davis-Bacon Act stipulations with an action brought directly under the Davis-Bacon Act to require a contractor to pay minimum wage. The allegations of the complaint can fairly be read to allege that the defendant contractor was subject to Davis-Bacon Act stipulations that it pay the minimum wage rate set by Mass.Gen. Laws c. 149. That the minimum wage set by the Commonwealth was used in the stipulation accords with the Davis-Bacon Act's requirement that the wages paid be based upon prevailing wages in the locality, and is not unusual. *See Capelletti Bros., supra,* at 1310–1311. Moreover, it is clear that suit may be brought under the Miller Act to recover wages required to be paid by virtue of Davis-Bacon Act stipulations:

Laborers and mechanics working under a contract that *contains* Davis-Bacon Act stipulations thus may themselves bring suit against the contractor on the payment bond that the Miller Act of August 24, 1935 ... requires for the protection of persons supplying labor or materials under certain federal construction contracts.

*Universities Research Assn., supra,* at 758, 101 S.Ct. at 1455 (emphasis in original).

Plaintiffs' complaint is properly founded on the Miller Act and brought in accordance with the provisions of 40 U.S.C. § 270b. Consequently, it will not be dismissed for failing to state a claim under the Davis-Bacon Act.

Accordingly, the defendants' motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim upon which relief may be granted is DENIED.