UNITED STATES of America as Use Plaintiff for PITTMAN MECHANICAL CONTRACTORS, INC., Plaintiff,

v.

IRVINE & ASSOCIATES, INC. and Allied Fidelity Insurance Co., Defendants.

Civ. A. No. 86–56–NN.

United States District Court, E.D. Virginia, Newport News Division.

Oct. 15, 1986.

Benjamin A. Hubbard, Outland, Gray, O'Keefe & Hubbard, Chesapeake, Va., for plaintiff.

Abraham J. Dere, Cantor & Cantor, Richmond, Va., for Irvine & Assoc.

Benjamin C. Ackerly, Dennis T. Lewandowski, Hunton & Williams, Richmond, Va., for Allied Fidelity Ins. Co.

Allison McKee, Laura Rublee, Hunton & Williams, Norfolk, Va., for Allied Fidelity.

## ORDER

DOUMAR, District Judge.

Plaintiff, Pittman Mechanical Contractors, Inc., brings this action under the Miller Act, 40 U.S.C. § 270a (1982), to recover money allegedly owed as a result of a subcontract between plaintiff and Irvine & Associates, Inc., with Allied Fidelity Insurance Company as surety. In September of 1984, Irvine & Associates entered into a construction contract with the United States Coast Guard. Pursuant to the Miller Act, Irvine & Associates, as principal, and Allied Fidelity, as surety, executed a standard Government form payment bond, and bound themselves jointly and severally to pay all persons supplying labor and material to the project. On October 4, 1984, Irvine & Associates entered into a subcontract with the plaintiff, Pittman Mechanical, under which plaintiff was to supply materials, labor and equipment. Plaintiff filed suit on May 1, 1986, alleging that Irvine & Associates breached the subcontract. Plaintiff seeks $20,326.21 in damages, plus interest and prejudgment costs.

On March 5, 1986, eight weeks before this suit was filed, Allied Fidelity became the subject of rehabilitation proceedings in Indiana, its domiciliary state. On that date, the Insurance Commissioner of the State of Indiana, as Rehabilitator, took possession of all the assets of Allied, and was ordered to administer the assets under the supervision of the Indiana Circuit Court in Marion County. On March 18, the Rehabilitation Court enjoined all persons from commencing any action "wherein the matter in controversy is, or is alleged to be, in excess of the value of $10,000." *Eakin v. Allied Fidelity Insurance Co.*, Docket No. C86–0469 (Ind.Cir.Ct. March 18, 1986).

Defendant Allied Fidelity has filed a Motion to Abstain, claiming that the Indiana proceedings preclude the action against Allied under the principles of full faith and credit and comity. Allied Fidelity has also filed a Motion to Dismiss for Failure to Join an Indispensable Party. Allied Fidelity maintains that although the Indiana Rehabilitator is an indispensable party to this action, he cannot be joined because this Court lacks personal jurisdiction and because the plaintiff has not received leave to sue from the Rehabilitation Court. For the reasons stated herein, both motions are DENIED. This Court will order that the Indiana Rehabilitator be joined as a party defendant. Fed.R.Civ.P. 19(a).

## I. *The Indiana Proceedings.*

■ Defendant Allied Fidelity maintains that the doctrine of full faith and credit requires this Court to honor the injunction issued by the Rehabilitation Court. This argument is without merit. It is true that the Full Faith and Credit Clause, U.S. Const., Art. IV, § 1, as well as the federal Full Faith and Credit statute, 28 U.S.C. § 1738 (1982), require state and federal courts to give effect to judgments entered in any state court having jurisdiction over the subject matter and the parties. *Nevada v. Hall,* 440 U.S. 410, 421, 99 S.Ct. 1182, 1188, 59 L.Ed.2d 416 (1979). However, a state court judgment is not entitled to full faith and credit as to any party not subject to its jurisdiction. *Western Union Telegraph Co. v. Pennsylvania,* 368 U.S. 71, 75, 82 S.Ct. 199, 201, 7 L.Ed.2d 139 (1961). *See also Williams v. North Carolina,* 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945). Therefore, this Court will not enforce the Rehabilitation Court's injunction against the plaintiff unless that court had jurisdiction over the plaintiff.

■ In order to demonstrate that the Rehabilitation Court had jurisdiction over the plaintiff, Allied Fidelity must show that Pittman Mechanical had "certain minimum contacts" with the State of Indiana, so that subjecting the plaintiff to the Indiana court's jurisdiction would not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Here, Allied Fidelity alleges only that Pittman Mechanical "chose to accept a surety company domiciled in the State of Indiana, and as a result, submitted themselves [sic] to that extent to the laws of that jurisdiction." Defendant's Brief at 6. Even assuming that Pittman Mechanical, and not the United States government, selected Allied Fidelity as surety, such an allegation falls far short of establishing the minimum contacts required by *International Shoe.* A corporation's contract with an out-of-state party, by itself, clearly is insufficient to confer jurisdiction upon the corporation's home state courts. *Chung v. Nana Development Corp.,* 783 F.2d 1124, 1127–28 (4th Cir.1986). Nor has the defendant alleged any factors, such as prior negotiations, contemplated future consequences, or the parties' course of dealing, which might indicate that the Indiana court had jurisdiction over Pittman Mechanical. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 2186, 85 L.Ed.2d 528 (1985). Absent such proof, plaintiff is not bound by the Indiana injunction.[1] *Insurance Affiliates, Inc. v. O'Connor,* 522 F.Supp. 703, 705 (D.Colo.1981).

Defendant contends in the alternative that this Court should defer to the Indiana proceedings and dismiss this action as a matter of comity. On this point, defendant relies on *Commonwealth of Pennsylvania*

---

1. The case of *Underwriters Nat'l Assurance Co. v. North Carolina Life and Accident and Health Ins. Guaranty Assoc.,* 455 U.S. 691, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982), is not to the contrary. In that case, the parties challenging the Rehabilitation Court's adjudication had been members of a class fully represented in the proceedings. *Id.* at 712, 102 S.Ct. at 1369.

Thus, "the Rehabilitation Court had personal jurisdiction over all parties necessary to its determination." *Id.* at 711, 102 S.Ct. at 1369. Here, the Rehabilitation Court lacked personal jurisdiction over the plaintiff, and the plaintiff was not represented in any capacity before the Rehabilitation Court.

*v. Williams,* 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841 (1935). In *Williams,* the Supreme Court held that the District Court should discharge federal receivers appointed for a Pennsylvania savings and loan association. The Court ordered that the company assets be surrendered to the state officers responsible for dissolving the company. *Id.* at 185–86, 55 S.Ct. at 385. Defendant maintains that *Williams* requires this Court also to relinquish jurisdiction to Indiana's statutory rehabilitation procedures.

■■■ The Supreme Court holding in *Williams* is inapposite to this case. In *Williams,* the federal receiver's ability to provide relief was no greater than that of the state officer. The Court noted that "[t]here is no allegation or contention that the [state dissolution] procedure thus provided is inadequate." *Id.* at 183, 55 S.Ct. at 384. In contrast, the relief sought by the plaintiff in this case cannot be obtained in the Indiana rehabilitation proceedings. Plaintiff brings this suit under the Miller Act, 40 U.S.C. § 270a (1982). Jurisdiction of claims pursued under the Miller Act rests exclusively with the federal courts. *Koppers Co. v. Continental Casualty Co.,* 337 F.2d 499, 506 (8th Cir.1964); *United States for Use and Benefit of Bryant Electric Co. v. Aetna Casualty and Surety Co.,* 297 F.2d 665, 667 (2d Cir.1962). Thus, it simply is not true that "the plaintiff is free to file its claim in Allied Fidelity's rehabilitation proceeding in Indiana." Defendant's Brief at 13. Because the United States District Court is the only forum which can provide the plaintiff with appropriate Miller Act relief, this Court will not defer to the Indiana rehabilitation proceeding.

This holding is consistent with the Fourth Circuit ruling in *Safeway Trails, Inc. v. Stuyvesant Insurance Co.,* 316 F.2d 234 (4th Cir.1963). In that case, the court required certain insureds to file their reinsurance claims in the Florida receivership proceedings of the insurer, and disallowed the declaratory judgment action filed in the North Carolina District Court. *Id.* at 234–

35. The court predicated its ruling on the assumption that the insured's claims could be heard in the Florida court. The court further noted that "[s]hould plaintiffs not be permitted to file their claims ... in the Florida court, they may apply to this court for further hearing." *Id.* at 235.

The plaintiff in this case cannot file its Miller Act claims in the Indiana Rehabilitation Court. Accordingly, this Court will hear the plaintiff's claim.

## II. *The Indiana Rehabilitator*

■■■ Allied Fidelity maintains that the Insurance Commissioner of the State of Indiana, as Rehabilitator of Allied Fidelity, is a necessary if not indispensable party to this action. This Court agrees, and holds that the Indiana Rehabilitator is an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. *See Kemper v. American Broadcasting Companies, Inc.,* 365 F.Supp. 1272 (S.D. Ohio 1973); *In re Penn Central Securities Litigation,* 335 F.Supp. 1026, 1038 (E.D.Penn.1971).

■■■ Defendant asserts that the Rehabilitator cannot be joined as a defendant in this action for two reasons. First, defendant maintains that because the Rehabilitator is a resident of Indiana, he is beyond the jurisdiction of this Court and is not subject to process in this action. That is not correct. By judicial construction, the Miller Act provides for nationwide service of process. *Limerick v. T.F. Scholes, Inc.,* 292 F.2d 195, 196 (10th Cir.1961). Where a federal statute provides for nationwide service of process, the service of process is sufficient to establish jurisdiction over the defendant, so long as jurisdiction is consistent with due process. *Hogue v. Milodon Engineering, Inc.,* 736 F.2d 989, 991 (4th Cir.1984). Because the sovereign exercising its judicial power in this case is the United States, plaintiff need not demonstrate the minimum contacts with the forum state required by *International Shoe. Gilbert v. Bagley,* 492 F.Supp. 714, 746–47 (M.D.N.C.1980). This Court therefore

finds that the Indiana Rehabilitator is subject to service of process, and this Court's jurisdiction, under the Miller Act.

The Court also finds no merit in defendant's argument that the Rehabilitator cannot be joined in this action without leave of the Indiana Rehabilitation Court. Ordinarily a rehabilitator cannot be sued outside the court which appointed him, absent leave of that court. *Sacks v. American Fletcher National Bank and Trust Co.*, 258 Ind. 189, 279 N.E.2d 807 (1972). However, where, as here, the right sued upon is one over which federal courts have exclusive jurisdiction, the receiver or rehabilitator may be sued in federal court wihtout leave of the appointing court. *National Labor Relations Board v. Bachelder*, 120 F.2d 574, 576 (7th Cir.), *cert. denied*, 314 U.S. 647, 62 S.Ct. 90, 86 L.Ed. 519 (1941). Because this suit is brought under the Miller Act, plaintiff need not seek leave of the Rehabilitation Court before joining the Rehabilitator in this action. *United States, for use of Colonial Brick Corp. v. Federal Surety Co.*, 72 F.2d 961 (4th Cir. 1934), *cert. denied*, 294 U.S. 711, 55 S.Ct. 507, 79 L.Ed. 1245 (1935); *United States v. Illinois Surety Co.*, 238 Fed. 840 (E.D.N.C. 1917), *aff'd sub nom. Hopkins v. United States*, 246 U.S. 655, 38 S.Ct. 423, 62 L.Ed. 924 (1918).

Accordingly, this Court ORDERS that the Commissioner of Insurance of the Department of Insurance of the State of Indiana be joined as defendant to this action. Defendant Allied Fidelity's motions to dismiss for failure to join an indispensable party and to abstain are DENIED.

The plaintiff is DIRECTED to serve process on the Commissioner of Insurance of the State of Indiana.

The Clerk is DIRECTED to send a copy of this order to plaintiff, defendants, and, along with a copy of the complaint, to the Commissioner of Insurance of the State of Indiana.

IT IS SO ORDERED.