UNITED STATES of America, for use and benefit of EXPEDIA, INC., a Florida corporation, Plaintiff,

v.

ALTEX ENTERPRISES, INC., a Washington corporation; Merril Blake and Thomas Christensen, individually, Defendants.

No. 89–825–Civ–J–14.

United States District Court, M.D. Florida, Jacksonville Division.

April 9, 1990.

Dana G. Bradford, II and Kelly B. Mathis, Baumer, Bradford & Walters, P.A., Jacksonville, Fla., for plaintiff.

Stephen C. Bullock, Marks, Gray, Conroy & Gibbs, P.A., Jacksonville, Fla., for defendants.

ORDER

SUSAN H. BLACK, Chief Judge.

This case is before the Court on the defendants' Motion To Dismiss For Improper Venue, filed on December 4, 1989. The plaintiff filed a response in opposition on December 20, 1989.

The facts of this case are as follows. Expedia, Inc. [hereinafter "Expedia"], a subcontractor, has brought this action pursuant to the Miller Act, 40 U.S.C. § 270b (1982), against Altex Enterprises, Inc. [hereinafter "Altex"], the general contractor of a project referred to as the Enlisted Men's Club located at the United States

Naval Air Station in Bermuda.[1] The parties entered into a Subcontract Agreement whereby Expedia was required to perform the following duties: (1) furnish and deliver FOB Fernandina Beach, Florida, certain specified items of kitchen equipment to Altex for use at the Enlisted Men's Club, and (2) furnish two men to supervise the installation of this equipment for a period not to exceed four days. Altex was to pay Expedia the sum of $97,616.90, of which $93,536.90 was payable upon Expedia's performance of the first part of the contract. Expedia alleges that, although it fully performed the Subcontract Agreement, Altex breached the contract by only paying a total of $78,821.34.

## I. THE DEFENDANTS' MOTION TO DISMISS

In their motion to dismiss, the defendants raise two grounds. First, the defendants allege that minimum contacts do not exist between any of the defendants and the State of Florida. Secondly, the defendants allege that, since the contract was performed in the country of Bermuda, venue is only present in the State of Washington, where Altex's principal place of business is located. Accordingly, they request that this Court dismiss the plaintiff's Complaint, filed on October 6, 1989.

### A. Jurisdiction

■ The Court finds the defendants' first ground to be meritless in light of the fact that the Miller Act provides for nationwide service of process. *United States v. St. Paul Fire & Marine Ins. Co.*, 705 F.Supp. 306 (W.D.La.1988); *Limerick v. T.F. Scholes, Inc.*, 292 F.2d 195, 196 (10th Cir.1961). The Court agrees with the district court's analysis in *United States v. Irvine & Associates, Inc.*, 645 F.Supp. 845 (E.D.Va.1986), which held that:

[w]here a federal statute provides for nationwide service of process, the service of process is sufficient to establish juris-

diction over the defendant, so long as jurisdiction is consistent with due process. Because the sovereign exercising its judicial power in this case is the United States, [the] plaintiff need not demonstrate the minimum contacts with the forum state [as] required by *International Shoe [Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)].

*United States v. Irvine & Assoc., Inc.*, 645 F.Supp. 845, 848 (E.D.Va.1986) (citation omitted). Furthermore, the activities performed by Altex in Fernandina Beach, Florida, clearly support this Court's finding that Altex had minimum contacts with the forum state. Therefore, the Court finds that it has jurisdiction to consider this case.

### B. Miller Act's Venue Provision

■ The Miller Act requires a prime contractor on any public works project of the United States to post two bonds. 40 U.S.C. § 270a(a) (1982). The first bond is a performance bond posted for the protection of the United States. *Id.* at § 270a(a)(1). The second bond is a payment bond posted for the protection of all subcontractors supplying labor or material. *Id.* at § 270a(a)(2). Any subcontractor who is not paid for the labor or materials supplied on such a project may sue on the payment bond. *Id.* at § 270b(a). However, any such suit must be brought in the United States District Court for the district in which the contract was performed. *Id.* at § 270b(b).[2] When the contract is performed in another country, venue exists where the defendant's principal place of business is located. *Indemnity Ins. Co. v. United States*, 299 F.2d 930 (D.C.D.C.1962). Furthermore, the Miller Act's venue provision is solely for the benefit of the defendant. *United States v. Electronic & Missile Facilities, Inc.*, 364 F.2d 705 (2d Cir.1966).

The Court finds that the defendants have taken an overly narrow view of where the contract was performed. While it is accurate to state that all of the kitchen equip-

---

**1.** Merril Blake and Thomas Christensen are the general contractor's sureties for this project.

**2.** Section 270b(b) provides, in relevant part, that: "[e]very suit instituted under this section

shall be brought in ... the United States District Court for any district in which the contract was to be performed and executed and not elsewhere." 40 U.S.C. § 270b(b) (1982).

ment was installed in Bermuda, the defendants have overlooked the fact that Expedia performed nearly the entire contract in Fernandina Beach, Florida, and Jacksonville, Florida.[3] All that remained for Expedia to perform after the Fernandina Beach delivery had occurred was for it to supply two men for no more than four days to supervise the installation of this equipment. Furthermore, Expedia performed all of the work creating the plans and specifications for the equipment, as well as placing the orders for the equipment, from its office in Jacksonville, Florida. To hold that these activities did not constitute performance of the contract, because they did not occur at the jobsite, would require this Court to interpret the Miller Act's venue provision in a fashion inconsistent with its plain meaning. The Miller Act clearly states that venue is proper in the United States District Court where the contract is *performed* and does not restrict venue to only the United States District Court which has jurisdiction over the jobsite. The Miller Act does not require such a narrow limitation of what constitutes performance.

## II.  CONCLUSION

The Court finds that this contract was performed in Fernandina Beach, Florida, and Jacksonville, Florida, as well as the country of Bermuda. Consequently, venue lies in this Court since both Fernandina Beach, Florida, and Jacksonville, Florida, are located in the Middle District of Florida. Therefore, the Court will deny the defendants' Motion To Dismiss For Improper Venue, filed on December 4, 1989.

Accordingly, it is

ORDERED that the defendants' Motion To Dismiss For Improper Venue, filed on December 4, 1989, is denied.

DONE AND ORDERED.

3.  Expedia delivered the kitchen equipment to Fernandina Beach, Florida, at which time both the risk and ownership of the merchandise passed to Altex. Additionally, once this delivery was made, Altex became responsible for packaging the merchandise for international shipment, for shipping the merchandise, and for delivering the merchandise to and unloading it at the Naval Station in Bermuda.