UNITED STATES of America for the Use
and Benefit of Stephen B. OWENS
T/A Floor Systems, Plaintiff,

v.

OLYMPIC MARINE SERVICES,
INC., Defendant.

Civ. A. No. 2:93cv522.

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 17, 1993.

Stephen Gary Merrill, Ghent Law Offices, Norfolk, VA, for plaintiff.

Neil Samuel Lowenstein, Vandeventer, Black, Meredith & Martin, Norfolk, VA, for defendant.

## MEMORANDUM OPINION. AND ORDER

REBECCA BEACH SMITH, District Judge.

This case is before the court on defendant's motion to dismiss for lack of jurisdiction over the subject matter and for failure to state a claim under Rules 12(b)(1) and 12(b)(6), respectively, of the Federal Rules of Civil Procedure, and on defendant's motion for sanctions.

Plaintiff.alleges in its complaint that it had contracts with defendant shipyard to install deck coverings on three different ships. One of these ships was owned by the United States Department of Transportation, and two were owned by the United States Navy. Plaintiff also claims that defendant had a contract with the United States to repair these ships, and that plaintiff was a subcontractor on the project. Plaintiff further alleges that although it completed the work, it was never paid. Jurisdiction is said to be proper under the Miller Act, 40 U.S.C. § 270b.

Defendant states four grounds in support of its motion to dismiss: first, that the contracts for the repair of the ships were not "public works" within the meaning of the statute; second, that only a surety, and not a prime contractor, may be sued under the Miller Act; third, that the contracts were not in fact bonded; and fourth, that plaintiff has alleged the existence of a performance bond and not a payment bond.

### I. Public Works

Defendant first asserts that this court lacks subject matter jurisdiction because the contracts in question are not covered by the Miller Act. The statute on its face applies to "the construction, alteration, or repair of any public building or public work of the United States. . . ." 40 U.S.C. § 270a. According to defendant, the repair of a vessel is not included in this language. *See* Defendant's Motion to Dismiss and Supporting Brief at 4.

▮ As many courts have recognized, the language of the Miller Act is to be broadly construed to provide protection to subcontractors who cannot obtain liens against government property. Thus, courts have found a variety of undertakings to be "public works" within the meaning of the statute. *See, e.g., United States ex rel. Motta v. Able Bituminous Contractors,* 640 F.Supp. 69, 71–72 (D.Mass.1986) (building a highway was a public work); *United States ex rel. Shlager v. MacNeil Bros. Co.,* 27 F.Supp. 180, 181 (D.Mass.1939) (raising a sunken towboat from a canal was a public work). In general, " 'public work,' as used in the Miller Act, includes projects carried on with public aid to serve the interests of the general public." *United States ex rel. Westinghouse Elec. Supply Co. v. Nat'l Surety Corp.,* 179 F.Supp. 598, 601 (E.D.Penn.1959). Such a definition is surely broad enough to cover the repair of ships owned by the United States. The public, in the form of the United States, is furnishing financial assistance to the repair, and the repair itself is being done, apparently, to allow the ships to remain in or return to public service.

Finally, the statute itself supports a conclusion that such contracts are within its scope. Sections 270e and 270f allow the Secretary of the Navy and the Secretary of Transportation, respectively, to waive the bonding requirements of the Act with respect to any contracts for the repair of vessels. 40 U.S.C. §§ 270e, 270f. It would make little sense to allow bonds to be waived for such contracts if defendant were correct that contracts to repair vessels do not require bonds in the first place. Therefore, defendant's first contention fails; these contracts are within the scope of the Miller Act.

## II. Suing the Prime Contractor

▮ Defendant next asserts that it is not a proper party to this suit because it is not a surety, but merely a general or prime contractor. Defendant's Motion to Dismiss and Supporting Brief at 5. This argument also fails. While it is true that the Miller Act gives a supplier or laborer the power to sue the surety, 40 U.S.C. § 270b(a), nothing in that section prevents the supplier from also suing the prime contractor. The additional liability given against the surety can have no effect as to the liability of the initial party to the contract. That initial party also may be sued in federal court under this Act. *See United States ex rel. Hudson v. Peerless Ins. Co.,* 374 F.2d 942 (4th Cir.1967) (bringing suit against both surety and contractor was permissible under Miller Act). *See also United States ex rel. Statham Instr., Inc. v. Western Casualty & Surety Co.,* 359 F.2d 521 (6th Cir.1966) (federal court had jurisdiction over prime contractor). In *Statham,* the plaintiff sued both the prime contractor and the company that it thought had provided the surety. The court dismissed the insurance company, finding that it had not in fact furnished such surety, but retained jurisdiction over the prime contractor.[1] 359 F.2d at 522. This court has jurisdiction to entertain the suit against defendant in this case.

## III. Issuance of Bonds

Defendant's next basis for dismissal is that the contracts were not in fact bonded, citing portions of the Act that allow the Secretary of the Navy, § 270e, and the Secretary of Transportation, § 270f, to waive the bonding requirements of the statute for any contracts involving vessel repair. While the sections do permit waiver, they do not require it. Therefore, there remains a question of fact as to whether or not the contracts were bonded.

▮ A motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure is not the place to raise such questions of fact.[2] In considering such a motion, the

---

**1.** The plaintiff in *Statham* next tried to add Western Casualty & Surety Company, the actual surety on the contract, as a defendant, but the court granted summary judgment for Western Casualty because the statute of limitations had run. 359 F.2d at 524. There was no question in *Statham* about the existence of a bond as there is in the case at hand. If the facts eventually show, as the defendant contends, that no bond ever issued on this contract, then this court will not have subject matter jurisdiction. *See infra* at 1234–1235. The Miller Act gives federal courts jurisdiction over cases involving government contracts, only if bonds have been given. *See* 40 U.S.C. § 270b.

**2.** The court notes that both parties, defendant in its motion to dismiss and plaintiff in its response

court will accept as true all the facts alleged in plaintiff's complaint. *Islam v. Jackson,* 782 F.Supp. 1111, 1113 (E.D.Va.1992). In this case, the court must accept as true plaintiff's allegation that bonds were given for the contracts to repair the ships. Plaintiff's Complaint para. 8.

### IV. Performance Bonds and Payment Bonds

 Finally, defendant moves to dismiss this case on the ground that plaintiff has alleged only the existence of a performance bond, and not a payment bond, in his complaint. *See* Plaintiff's Complaint para. 8. The Miller Act, in 40 U.S.C. § 270a, distinguishes between two types of required bonds. The first is a "performance bond," for the protection of the United States. 40 U.S.C. § 270a(a)(1). The second type is called a "payment bond," and is for the protections of persons supplying labor or materials for the contract. 40 U.S.C. § 270a(a)(2). Thus, these two types of bonds represent "separate obligations running to separate obligees." *United States Fidelity and Guar. Co. v. American State Bank,* 372 F.2d 449, 450 (10th Cir.1967). Defendant is correct, then, that plaintiff cannot sue on a performance bond but only on a payment bond.

 However, this defect in the complaint is not fatal to plaintiff's case. A court not only accepts all allegations in the complaint as true under a Rule 12(b) motion, it also views those allegations in the light most favorable to the plaintiff. *De Sole v. United States,* 947 F.2d 1169, 1171 (4th Cir.1991). Such a motion to dismiss under the Federal Rules of Civil Procedure should only be granted in the most limited of circumstances. *Rogers v. Jefferson–Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir.1989). In fact, in

*Rogers,* the plaintiff alleged the wrong statutory section as the basis for jurisdiction under ERISA, but the court denied a motion to dismiss. *Id.* Only if it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim" should a Rule 12(b) motion be granted. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

 In this case, it is clear from the complaint that plaintiff is alleging the existence of a bond which was given in order to protect suppliers and laborers, and not one given to protect the government. The fact that plaintiff erroneously called the bond a "performance bond" instead of a "payment bond" will not alone support a motion to dismiss. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome...." *Conley,* 355 U.S. at 48, 78 S.Ct. at 103.

For the reasons given above, defendant's motion to dismiss is DENIED. Accordingly, defendant's motion for sanctions is also DENIED.

It is so ORDERED.

brief, have attached broad, general affidavits declaring the facts in their pleadings to be true. Normally, these inclusions would convert the motion to dismiss into a motion for summary judgment. Fed.R.Civ.P. 12(b). However, the court has concluded that a decision on a motion for summary judgment would not be proper at this time. Defendant declares that the projects in question were not bonded; however, it has failed to provide the court with any documentation to support such an assertion. This lack of substantiation, especially when coupled with plaintiff's sworn assertions of refusal to cooperate or share information on the part of the defendant, and of conflicting discussions of bonds at a meeting with defendant, suggests that discovery is needed on the issue of existence of bonds. Therefore, the court excludes from current consideration on this motion to dismiss the affidavits submitted by the parties, *see* Fed.R.Civ.P. 12(b), without prejudice to resubmission of proper affidavits, documentation, and/or evidence in connection with other pleadings at a later time.